### 15813. HOME ACCIDENT INSURANCE CO. *et al. v.* WILLIAMS *et al.*

When a case arising under the Georgia workmen's compensation act is pending on review before the full commission, as is provided by section 58 of the act (Ga. L. 1920, p. 198), the power of the commission is limited by the provisions of that section, and it has no authority to remand a case to one of the commissioners for the purpose of taking additional testimony and making a new award.

> DECIDED MARCH 3, 1925.

Appeal; from Macon superior court—Judge Littlejohn. June 17, 1924.

Bill Williams lost his life while working as an employee of Brasington Lumber Company at a sawmill in Macon county, Georgia. The Brasington Lumber Company had qualified as an insurance carrier under the terms of the workmen's compensation act by taking out a policy of insurance with the Home Accident Insurance Company. Albert and Mattie Williams appeared as claimants, asserting that they were the parents of Bill Williams and were dependent upon his wages, and that he had contributed

substantially to their support. The case was heard before Commissioner Kilburn, who passed an order in which he held that no dependency or contribution was proved. He rendered an award in favor of the claimants for medical and funeral expenses, but in every other respect their claim was disallowed. The claimants filed an appeal to the full commission. When the case came before that body the following order was passed: "This case came before the Industrial Commission for review, upon application of the claimants. After carefully considering this matter the Industrial Commission decided to remand this case for the purpose of taking testimony with respect to the value of the labor of the deceased to Albert and Mattie Williams while working for them upon the farm. When this fact has been established, the commissioner hearing this case will write a new award, taking into account the evidence already brought out and additional evidence relative to the value of the service of this boy to his father and mother as a farmhand." From this order the employer and the insurance carrier appealed to the superior court of Macon county, contending that "the Industrial Commission of Georgia has no power or jurisdiction to order a new trial on the facts in such cases, and has no power or jurisdiction to order a rehearing in said case; and that the Industrial Commission of Georgia has no power or jurisdiction to enter an order on an appeal in such a case, except an order awarding or denying compensation to the claimant on the evidence presented to the commission as a whole on the hearing of said appeal; and . . further . . that the order and decree of said commission is contrary to law." On the hearing of this appeal the presiding judge entered an order approving the finding of the full commission in remanding the case for the purpose of taking additional testimony; and the employer and the insurance carrier sued out a bill of exceptions.

*Brock, Sparks & Russell,* for plaintiff in error.

*John M. Greer,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

Section 58 of the Georgia workmen's compensation act (Ga. L. 1920, pp. 167, 198) provides that when a case reaches the commission on appeal, "the full commission shall review the evidence, or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives and witnesses, and shall make an award and

file the same in like manner as specified in the foregoing section, together with its rulings of law in the premises." It is clear that this section means that when a case reaches the full commission for review, it is for a hearing on its merits, a de novo investigation, with full power in the commission to "hear the parties, their representatives and witnesses," and to make an award covering the entire case. The Industrial Commission is a body created by the legislature to administer the provisions of the workmen's compensation act, and has no power or authority other than that given it by the act creating it, or such as arises therefrom by necessary implication, to carry out the full and complete exercise of the powers granted. It has a procedure which was provided for by the legislature of the State. See *Gravill* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897). What the full commission can do when a case is before it on appeal is absolutely settled by section 58, and this section gives the full commission no authority whatever to remand a case to one of the commissioners for the purpose of taking additional testimony and making a new award.

Under this ruling the judge of the superior court erred in approving the finding of the full commission, and in remanding the case for the purpose of taking additional testimony and making a new award; and the case stands on appeal as though these orders had not been taken with all the rights given the full commission by section 58, supra.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*