GRAVITT *v.* GEORGIA CASUALTY COMPANY *et al.*

1. Neither upon its own motion, nor upon application of the employer and the claimant, has the Industrial Commission of this State the power and authority, under section 45 or other provisions of the workman's compensation act (Ga. L. 1920, pp. 167, 191), to pass an order reopening a case and granting another hearing for the taking of evidence, and to reconsider the case upon its merits, and thereupon to award compensation to the claimant, after the commission has entered an order, seven months prior thereto, finding that the employee in question was a farm employee and therefore exempt from the operation of the Georgia workman's compensation act, under section 15, etc.
2. The act of 1920 (Acts 1920, p. 167), known as the Georgia workman's compensation act, by section 50, created the "Industrial Commission," for the administration of the act. It is therefore an administrative body, and there is no provision in the act for temporary orders. Where a case was reopened and a second hearing was allowed by the commission, the carrier could await until the second hearing on the merits of the claim, and, after final decision of the commission, make objection to the granting of such rehearing, as provided in section 59 of the act.
3. The answer to the first question being in the negative, it is unnecessary to answer questions three and four.

No. 4098. JULY 22, 1924.

Questions certified by Court of Appeals (Case No. 14728).

*H. H. Perry* and *W. N. Oliver,* for plaintiff in error.

*I. L. Oakes* and *Charters, Wheeler & Lilly,* contra.

HILL, J. The Court of Appeals desires instruction from the Supreme Court upon the following questions necessary to a determination of the case:

"1. Has the Industrial Commission of this State, upon its own motion or upon application of the employer and the claimant, but not of the contesting insurance carrier, the power and authority, under section 45 or other provision of the workman's compensation act (Ga. L. 1920, pp. 167, 191), to pass an order reopening a case and granting another hearing for the taking of evidence, and to reconsider the case upon its merits, and thereupon to award compensation to the claimant, after the commission has entered an order about seven months prior thereto, finding that the employee in question 'was a farm employee and therefore exempt from the operation of the Georgia workman's compensation act, under section 15; that the employer is under the act with reference to his manufacturing interests, but did not come under the act with reference to his farming operations,' and ordering that 'the case is dismissed, as the Industrial Commission has no

jurisdiction in the matter;' where it appears that prior to the first order of the commission a hearing had been had, with opportunity to the parties at interest to offer their evidence, and that such evidence had been taken, and where the second order recites as the reason therefor that 'it now appears that the commission made an error in reversing' the award of the commissioner conducting the first hearing, 'and, under section 45, has decided, upon its own motion and at the request made by' the employer, 'to reopen this case and grant another hearing'?

"2. If the answer to the preceding question be in the negative, is such second order a 'final decision' within the meaning of section 59 of the workman's compensation act (Ga. L. 1920, p. 198), so as to require the insurance carrier desiring to question the order reopening the case to enter its appeal therefrom to the superior court within 30 days; or can such carrier wait until the second hearing on the merits of the claim, and at such time offer in evidence the record and order on the first hearing, adverse to the claimant, as res judicata of his right to compensation, and then raise the question of the right to reopen, by way of exception in its appeal to the superior court from the order of the commission on the second hearing awarding compensation to the claimant; such appeal being taken within 30 days from such last order, but more than 30 days from the order reopening the case and granting another hearing?

"3. If the answer to the first question be in the affirmative, or if the answer to the second question be in effect that the insurance carrier was required to enter its appeal to the superior court within 30 days from the order reopening the case in order to question the same, is a person a farm laborer within the meaning of section 15 of the workman's compensation act (Ga. L. 1920, p. 177), so as to be exempted from the application of the act unless the employer and employee had voluntarily elected to be bound thereby, where the employer was primarily engaged in the manufacturing business, operating a tannery and a harness, shoe, and horse-collar factory and operated in connection therewith and as an incident thereto a farm, on which rye was raised for the purpose of using the straw in the collar factory, and other farm products, including corn, incident to the upkeep and maintenance of the farm; where the employee for two or three weeks preceding his injury had been

engaged in shredding corn and mixing fertilizer on the farm, and the injury resulted from the crushing of his hand and arm by a corn shredder while engaged in shredding corn on the farm; and where the employee, while thus working on the farm, was not carried on the employer's farm account, but upon its general pay-roll together with other employees, whom it was the custom of the employer to assign to any work needed, in the factory, on the farm, or in other duties, although the injured employee had never actually done work other than on the farm as stated, except some labor in the tannery several weeks before the injury?

"4. If the answer to the third preceding question be in the affirmative,—that is that such employee .is a farm laborer and excluded from the provisions of the act, except where there has been a voluntary election to be bound by the act,—would the company carrying the insurance, by accepting a premium and issuing its policy partly upon the basis of the inclusion of the employee's name in the employer's general pay-roll, covered by the policy, and the wages paid to such employee, but where the insurance company was without previous actual knowledge of the status of such employee, be estopped from setting up as a defense that the employee, by reason of his work and duties, was a farm laborer exempted from the act?"

1. The Georgia Workman's Compensation act (Acts 1920, p. 167), section 45, provides that "upon its own motion before judicial determination, or upon the application of any party in interest on the ground of a change in condition, the Industrial Commission may at any time review any award or any settlement made between the parties and filed with the commission, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any monies paid." This section of the act does not provide for a rehearing or reopening of a case like the present. The adjudication of the Industrial Commission is final. Section 45 of the act provides for cases where an award has been made, and conditions have changed for some reason that makes a readjustment of the award necessary. But the act does not contemplate the reopening of a case like the present, seven months after

a final decision, either on their own motion or on motion of the claimant. If they could do so within seven months, there would be no limit as to the time when they could do so. As was well said in Conners' case, 121 Me. 37 (115 Atl. 520), by the Supreme Court of Maine through Cornish, C. J.: "It well may be that the legislature purposely avoided such a practice. The design of the entire workman's compensation act is a speedy, inexpensive, and final settlement of the claims of injured employees. Its procedure shuns protracted and complicated litigation; and yet if the practice here asked for is recognized and adopted, there would seem to be no end to litigation. If the employee can ask a rehearing on the merits in this manner, the same right must be given to the employer, and a weapon placed in his hands that by delay would thwart the very salutary purpose of the act. Then, too, there would seem to be no limitation to the time when such a petition could be filed. In short, these cases, intended to be speedily and 'summarily' disposed of, might be dragged to an interminable length." Conners' case in its facts is very similar to the one at bar. In that case the claimant received an injury on October 19, 1918. On March 14, 1919, he filed with the Industrial Accident Commission a notice and application for compensation under the workman's compensation act. Answer was filed on the same day. On March 15, 1919, the commission passed an order to the effect that Conners did not receive a personal injury by accident arising out of and in the course of his employment. This decree was signed by the chairman of the commission. No appeal from this decision was taken. On September 13, 1920, the claimant filed with the commission a petition asking for a rehearing on the ground of newly discovered evidence. The defendant filed an answer denying the power of the commission to grant the petition, but the petition was granted and a new hearing ordered, from which order an appeal was perfected. The Supreme Judicial Court of Maine held that "The Industrial Accident Commission, after a final decree has been signed and the time for taking an appeal has expired, has no power to reopen or rehear a case on its merits for newly discovered evidence, under workman's compensation act, section 34, making the decree final in the absence of fraud and authorizing appeals, section 36, authorizing proceedings to increase, diminish, or discontinue the compensation, or any other provision of that act; nor has it any inherent power independent

of the statute to do so." It was also held: "A decree of the Industrial Accident Commission, granting a petition for a rehearing and ordering a new hearing after the time had expired for appealing from a decree denying compensation, being void, as beyond the jurisdiction of the commissioner, the court will so declare it, when the matter is brought to its attention by appeal, though the appeal was not filed within the time prescribed by statute."

The Georgia workman's compensation act in section 59 provides that any award of the commission provided for in section 57, with respect to which no application for a review thereof is filed in due time, or an award of the commission upon such review as provided in section 58, shall, in either event, as the case may be, and subject to the other provisions of this act, "be a final award and shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of any final award, or within 30 days from the date of any other final order or judgment of said commission, but not thereafter, appeal from the decision in such final award, or from any other final decision of said commission, to the superior court of the county in which the injury occurred," etc. It does not appear that any such appeal was taken to the award of the commission within the 30 days prescribed by the act; and unless the case could be reopened under section 45 of the act, to which reference has already been made, then the complainant could not have the case reopened, nor could the commission of its own motion reopen it after seven months had expired from the date of the award under section 45, or any other provision of the act. It will be observed that the right of appeal from the award of the Industrial Commission is provided for in the act of 1920; but on the other hand, where no statutory provision exists for rehearing after the time for appeal has expired, the right of rehearing on the merits of the case has been denied in a number of jurisdictions. See Pocs v. Buick Motor Co., 207 Mich. 591 (175 N. W. 125) ; Benjamin v. Brabbin, 90 N. J. L. 355 (103 Atl. 688) ; Simpson Construction Co. v. Industrial Board, 275 Ill. 366 (114 N. E. 138). "In Hunnewell's Case, 220 Mass. 351, 107 N. E. 934, upon an application of an employee to have compensation extended beyond the time first fixed by the board, the question of its power was considered, and the court employed this significant language: 'the action of the board was not an unqualified decision to end all

payments under the act. Such a decision would mean that incapacity of whatever degree arising from the injury had disappeared finally. Doubtless after such a decision the board would be without power to revive the matter. It would have become ended and be entirely a thing of the past. The doctrine of res judicata would apply to it.' Our conclusion, therefore, is, that the rights of the parties are governed by the statute, and the statute knows no such power or procedure as is here invoked. It well may be that the legislature purposely avoided such a practice." Conners' case, supra. The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted. It has a procedure which was conferred on it by the legislature of the State. See Conners' case, supra. No power of reopening or rehearing a case on its merits, in which a decree has been entered, and of determining anew the liability or non-liability of the employer, is granted by the act of 1920, except as provided by section 45, which, as pointed out, does not apply to a case like the present. We are of the opinion that the first question propounded by the Court of Appeals should be answered in the negative.

2. The act of 1920 (Acts 1920, p. 167), known as the Georgia workman's compensation act, by section 50, created the "Industrial Commission" for the administration of the act. It is therefore an administrative body, and there is no provision in the act for temporary orders. Where a case was reopened and a second hearing was allowed by the commission, the carrier could await until the second hearing on the merits of the claim, and, after final decision of the commission, make objection to the granting of such rehearing, as provided in section 59 of the act.

3. The answer to the first question being in the negative, it is unnecessary to answer questions three and four.

*All the Justices concur.*