### 16877.  GLOBE INDEMNITY COMPANY *et al. v.*
### LANKFORD.

An order of the industrial commission approving a lump-sum settlement between an employee and an employer, reciting that the amount paid or to be paid is equal to the value of the probable future payments and shall be a "complete settlement of any disability" that the employee "may now have or in the future may have as a result of the injury sustained," is not, even when acted upon by the parties, conclusive as to the employee's right to additional compensation within the maximum provided in the compensation act, in the event of a subsequent change in condition on account of which the employee seeks a review of the settlement.

        DECIDED JULY 20, 1926.

  Appeal; from Fulton superior court—Judge Bell.  September 30, 1925.

*Bryan & Middlebrooks,* for plaintiffs in error.

*B. P. Gambrell, James A. Miller,* contra.

  BELL, J.  For an injury received by him on June 28, 1923, the industrial commission awarded to H. L. Lankford compensation at $15 per week for not exceeding 350 weeks.  After receiving the weekly payments for 86-2/3 weeks, he applied to the commission for the approval of an agreement between him and his employer for a lump-sum settlement of any and all compensation that might be due to him in the future.  The application coming on to be heard on February 17, 1925, the commission made the following award thereon: "Application for a lump-sum settlement was made in this case, whereby the insurer agrees to pay the sum of $160 in a lump-sum settlement.  It appearing that the payment of this amount is equal to the value of the probable future payments, the

---

Constitutional Law, 12 C. J. p. 784, n. 37; p. 787, n. 96.

Courts, 15 C. J. p. 1038, n. 36.

Workmen's Compensation Acts, C. J. p. 9, n. 38; p. 102, n. 92 New; p. 103, n. 97, 98; p. 108, n. 90, 91, 95; p. 114, n. 12 New; p. 132, n. 79, 82 New.

commission hereby approves this settlement. The insurance carrier will pay H. L. Lankford the sum of $160, in full and complete settlement of any disability that H. L. Lankford may now have or in the future may have as a result of the injury." Note that, from the amount of this settlement and the language of the order, it must have been believed at that time that the disability would continue not longer than approximately 11 weeks, although under the award the compensation was payable for a then remaining period of not exceeding 263-1/3 weeks. In June, 1925, the employee made to the commission an application for a review of the settlement, on the ground of a change in condition. Upon this application the commission passed the following order: "The commission, upon application of claimant, after a formal hearing, having rendered judgment commuting the weekly payments to a lump-sum payment, and having thereby judicially determined that the amount of said lump-sum award was equal to the value of the probable future payments, and the judgment expressly providing that the payment by the insurance [carrier] should be in full and complete settlement of any present and future disability, and the claimant having accepted this award and received the payment therein provided, the judgment rendered on February 17, 1925, is final and conclusive, and evidence will not be heard to determine whether there has been a change of condition of said claimant since said award." This order was reversed by the superior court on an appeal by the employee, and the employer and the insurance carrier excepted. The only point raised by the plaintiffs in error is that the application for review was barred by the nature and character of the previous settlement.

According to our interpretation of the several pertinent provisions of the compensation act (Ga. Laws 1920, p. 167), an employee can not be deprived of the compensation to which he is entitled thereunder by any agreement between himself and his employer, notwithstanding its approval by the industrial commission. Section 7 of the act provides, "That no contract or agreement, written or implied, no rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein otherwise expressly provided." Section 19 provides that no agreement of settlement shall be binding unless approved by the commission; but the com-

mission itself is without power to foreclose the rights of the employee upon any terms other than those prescribed in the act. (See sections 43, 44, and 45.) "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission, made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted." *Gravitt* v. *Ga. Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897).

The lump-sum settlement in this case, as ought to be true in every case, represented the converted cash value of the weekly installments to which the employee would be entitled, considering his then apparent condition. The commission, of course, had the authority to approve the settlement. But if it sought to adjudicate against a change in condition or to determine that such and such a change *would or would not take place,* it exceeded its powers, because under section 45 the employee is entitled, under certain conditions (see *U. S. Casualty Co.* v. *Smith,* 162 *Ga.*—, 133 S. E. 851; *Gravitt* v. *Ga. Casualty Co.,* supra), to a review of any award or settlement upon a change of condition. If it should appear that since the settlement or award the claimant has undergone a change of condition, due to his injury, for which he should be compensated as by weekly payments *for a longer period or in a greater amount than was contemplated and represented in the lump-sum received,* the settlement would not be conclusive even though it be solemnly approved by an order of the industrial commission. It is not binding, and no action of the commission can make it so. The lump sum agreed on must be fixed at an 'amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest at five per cent. per annum (see section 43). But if it should subsequently develop that the "probable future payments" should be extended for a longer time or increased to a larger amount than the commission estimated at the time of the settlement, its judgment, *based on probability,* will be subject to review and to be superseded by a new award, *based on the actual facts,* increasing the compensa-

tion previously awarded or agreed upon (section 45). Thus if, while an employee is receiving compensation under an award calling for not exceeding 263 further weekly installments, it should appear from his improving condition that his disability would probably cease in 11 weeks, so that at the end of this period the payments should be altogether stopped, and if the commission should thereupon approve an agreement between the parties for a settlement in cash of the 11 probable weekly payments, the employee would not be concluded if it should subsequently be established that the probability of his restoration was unfounded and that in truth his compensation should not have terminated at the expiration of such last-named period. The commission's findings, when supported by any evidence, are conclusive of all questions of fact with which it had authority to deal, but it can not refuse to make a finding as to a change of condition merely because of a prior approved settlement. An appeal for review upon the ground of such change presents a quasi-new case although it is not a new proceeding, and it is the duty of the commission to examine into it, if the matter sought to be reviewed has not been judicially determined, or become res adjudicata, and if the commission still has jurisdiction of the subject-matter. *U. S. Casualty Co.* v. *Smith,* supra. It was said in that case that section 45 "expressly provides for compensation in a case where there has been a change in condition of the employee; and this necessarily extends jurisdiction of the commission to review the settlement agreement or its original award." We are not to be understood as holding that the commission must give a hearing on the merits of every such application for review. It might, perhaps, be obliged to do so only when a preliminary inquiry discloses that the application is probably meritorious; and if the application is heard, it will be within the exclusive province of the commission to determine from the evidence whether the change of condition has actually occurred as represented. If it has not occurred, the application will, of course, be denied; if it has occurred, it will be the duty of the commission to modify the previous settlement or award, subject to the provisions of section 45. This court in *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880), held that the commission has the same power to review a settlement as it has to review an award, and that the right of a party at interest to make applica-

tion for review is as clear in one case as in the other. The effect of a lump-sum settlement, as distinguished from settlements of other character, was not considered in that case; but we will now say that the right of a party at interest to a review of a lump-sum settlement is as clear as his right to a review of any other settlement.

This conclusion may appear to be radical; but, even so, we think no other is possible under a correct interpretation of the statute. The workmen's compensation act wrought far-reaching changes in the law, uprooting from the field of its operation principles theretofore so firmly fixed that it is difficult to divorce the mind from them and to think solely in terms of the rules substituted. In Goelitz *v.* Industrial Board, 278 Ill. 164 (115 N. E. 855), the Supreme Court of Illinois said: "The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents should not necessarily rest upon the public, but that the industry in which an accident occurred shall pay, in the first instance, for the accident." Whether the particular provisions which we are called upon to construe may be unconstitutional as unduly encroaching upon the liberty of contract, or otherwise (see the *Smith* case as last above cited), no question as to their constitutionality is raised in this case; otherwise this court would have no jurisdiction. In the absence of a proper challenge of the validity of these provisions, they are to be regarded as constitutional and valid. It is true that, whether a constitutional question is raised or not, a statute should be so construed as not to infringe the constitution, if it can be reasonably done (*Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 311 (125 S. E. 709)), but, whether the construction which we have adopted in this case will carry the act of unconstitutional limits, we think that the provisions under consideration are not reasonably susceptible of a different interpretation. The *Smith* case was decided by this court, and later went on certiorari to the Supreme Court, by which the judgment of this court was affirmed. In that case it was unnecessary for this court or the Supreme Court to determine whether the industrial commission has the power to refuse an application to review an approved settlement upon the ground that such settlement was conclusive; for

the application there was granted, and the rulings were rather to the effect that the particular settlement did not purport to conclude the employee upon the question of his right to compensation in the event of a change of condition. This court merely assumed that a settlement agreement might be made which would defeat such right, and would be valid if approved by the commission; and this we think was also true of the decision of the Supreme Court. The present record, however, calls for a decision of the proposition; and we hold, as above indicated, that no sort of settlement, whether made with or without the intervention of the industrial commission, can defeat the right of the employee to the compensation which the State has declared he should have. In so holding we have not overlooked the provision of section 19, to the effect that settlements are encouraged. It is to be observed that that section does not pretend to encourage settlements except so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of the act.

The above views are in harmony with the weight of authority. In the case of Holland, 72 Ind. App. 588 (126 N. E. 236), upon facts similar to those of the case now under consideration, it was held that approval of a lump-sum agreement and payment of the sum fixed by the industrial board did not have the effect of extinguishing compensation liability of the employer, arising from a change in condition on account of the original injury taking place after said date, in view of workmen's compensation act, §§ 43, 45. The sections referred to are substantially the same as the language of the Georgia act on the subject of reviews of awards and settlements. In St. Joseph Mining Co. *v.* Pettitt, 90 Okla. 242 (216 Pac. 657), the Supreme Court of Oklahoma, in construing a section of the act of that State similar to section 45 of the Georgia act, said: "An agreement entered into between the employer and the employee as to the facts with relation to the injury, and approved by the industrial commission under section 7294, Comp. Stat. 1921, under which agreement the employee received a lump-sum amount, is not a release of liability for the injury sustained, but is the basis of the award of the industrial commission, and an award made thereon has the same force and effect as an award made upon a hearing, and may be reviewed under the provisions of section 7296, Comp. Stat. 1921." The court in

that case further stated, "It is not necessary to prove fraud in procuring an agreement in order to authorize a review of such award, but compliance with section 7296, Comp. Stat. 1921 [the same in substance as section 45 of the Georgia act], is all that is necessary." In Peoria R. Co. v. Industrial Commission, 290 Ill. 177 (125 N. E. 1), the Supreme Court of Illinois held: "Despite workmen's compensation act, § 9, allowing lump-sum settlements, under section 19(h) petition for review of an original award for compensation payable in installments can be maintained when filed within 18 months of the original award, either before or after an order for commutation to a lump sum has been entered by the industrial commission." Section 19(h) of the Illinois act was as follows: "An agreement or award under this act, providing for compensation in installments, may, at any time within 18 months after such agreement or award, be reviewed by the industrial board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished, or ended, and on such review, compensation payments may be re-established, increased, diminished, or ended." The court in that case further said: "Because of the recognized inability of the medical profession to forecast with any certainty the results of an injury causing partial disability, as well as their inability many times to determine whether or not the disability is temporary or permanent or to determine the exact extent of the injury, the lawmaking power of the State has fixed a period of 18 months within which such results may be determined with reasonable certainty. A review of the award or agreement within that period enables the industrial commission to determine from the evidence, with some degree of certainty, the true extent of the injury." There is no provision in the Georgia act, as in the Illinois act, requiring that an application for review must be made within any certain period of time. Nor does the Georgia statute provide for the making and determination of an issue as to whether an employee's condition will or will not change, so as *thereby* to make an adjudication foreclosing any later contention of an actual change, should it occur.

The McCarthy case, 226 Mass. 444, cited by the commission in the present case, was believed by the Supreme Court of Indiana, in the Holland case, supra, not to be "supported by the better reason."

We conclude that the industrial commission erred in holding that the employee was precluded by the lump-sum settlement, and in refusing for that reason to entertain his application for a review.   It follows that the superior court was right in reversing the order of the commission, and in remanding the case for further proceedings on the merits.   See also, in this connection, Louisville Milling Co. *v.* Turner, 209 Ky. 515 (273 S. W. 83) ; Ellsworth *v.* Industrial Commission, 90 Ill. 514 (4) (125 N. E. 246).

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*