18905. South v. Indemnity Insurance Company of North America *et al.*

Jenkins, P. J. 1. Under section 32 of the workmen's compensation act, as amended by the act of 1923 (Ga. L. 1923, p. 92), an employee who suffers a permanent and total loss of the use of a hand, by reason of an accident arising out of and in the course of employment, may be allowed compensation at the rate of one half his weekly wages, for a period of not more than ten weeks, for total incapacity for work, and is entitled to receive one half of his weekly wages for an additional period of one hundred and fifty weeks as compensation for the permanent handicap.

2. Under section 32 of the workmen's compensation act, as amended by the act of 1923, an employee who suffers a permanent but partial loss of the use of a hand may.be allowed compensation at the rate of one half his weekly wages for a period of not more than ten weeks, for total incapacity for work, and is entitled to receive, for an additional period of one hundred and fifty weeks, weekly payments in such proportion of the weekly payment provided by the act for total loss of the use of such member as the partial loss bears to the total loss.

3. Under section 45 of the workmen's compensation act, on application of any party at interest "on the ground of a change in condition, the industrial commission may at any time review any award or any settlement made between the parties and filed with the commission, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded." Upon an application for such review, the essentials leading up to the award are to be taken as res judicata, but the physical condition. of the employee remains open to inquiry. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897); *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599 (134 S. E. 357); Workmen's Compensation Acts, C. J. Appendix; 40 Cyc. 131, 132; L. R. A. 1916A., 163, 164. Thus, where the evidence before the industrial commission upon such review authorizes a finding that there has been a change in the condition of the claimant, a new award of compensation, based upon such changed condition, may be entered, although the original award may have been based upon a disability found by the

**48**

commission, at the time of making such original award, to be permanent.

4. However, under section 45 of the workmen's compensation act, no review by the commission of an award of compensation previously made "shall affect such award as regards any monies paid." Accordingly, while the commission may, upon reviewing an award previously made, make a new award "ending, diminishing, or increasing the compensation previously awarded," such an award can not be made retroactive so as to be made effective as of the date of the original award, since to do so would "affect the award previously made as regards" monies paid, but the new award can only become effective as of the time it is entered, and the claimant can not be required to account for monies already paid him under the previous award.

5. Under the foregoing rulings, when the industrial commission found on review that the condition of the claimant in the instant case had changed, he was subsequently entitled only to compensation as for a permanent partial loss, instead of as for a permanent total loss, of the use of the injured member. But the commission was not authorized to impair its previous judgment by discontinuing his compensation entirely on the theory that he had already received, as for a total loss of the impaired member, more than he would be entitled to if the new finding had been made to begin with. He could not be thus required to account for monies already legally paid under the previous award; and the commission should have entered a new award allowing him subsequent diminished compensation for the continuing permanent partial loss of the use of such member in the proportion that such partial loss bears to such total loss. Accordingly, the judge of the superior court erred in affirming the award of the industrial commission. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*John I. Hynds,* for plaintiff.

*Sidney Smith, James ·N. Fraser,* for defendant.