### 20992.   AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.* *v.* BRADEN.

BROYLES, C. J.   1. "Compensation for the loss of a member, under section 32 of the workmen's compensation act of this State, is in full for such specific injury, and excludes compensation for temporary total disability arising solely from the loss of such member." *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721) ; *McNair* v. *Home Accident Ins. Co.,* 38 *Ga. App.* 345 (143 S. E. 237) ; *Stone* v. *American Mutual Liability Ins. Co.,* 42 *Ga. App.* 271 (155 S. E. 795).

2. In the instant case the claimant sustained an injury to one leg, and, under the facts of the case, he was entitled to receive compensation for 185 weeks. Before the maximum improvement in his condition had been reached and his permanent partial handicap ascertained, he had received compensation for 30 weeks. Thereafter, when the industrial commission fixed his permanent partial handicap at 50 per cent loss of use of the leg, the claimant was entitled to receive compensation for the remaining 155 weeks at the rate of $3.75 a week. However, as held in *Richardson* v. *Maryland Casualty Co.,* 41 *Ga. App.* 520 (2) (153 S. E. 524), 'to avoid such small payments, "the industrial commission should have proportioned the period of the weekly payments, rather than the amount of such payments, so as to provide compensation in the same weekly amounts, but for one tenth the number of weeks." Therefore, the claimant in the instant case is now entitled to receive compensation for 77-1/2 weeks at the rate of $7.50 a week.

3. The ruling in *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47 (4) (146 S.

E. 45), that upon the review of any award, on the ground of a change in the condition of the insured member, the commission may "make a new award ending, diminishing, or increasing the compensation previously awarded," but that "the claimant can not be required to account for monies already paid him under the previous award," is not applicable to the facts of the instant case, in which there was only a partial disability of one leg, and *no review of any previous award on the ground of a change in condition.* As is well stated in the brief of counsel for the plaintiff in error: "Any and all disability sustained by the plaintiff was caused by and results solely from the injury to the leg. When the commission found, from the evidence, that claimant had a 50% permanent partial loss of use of the leg, then it only became necessary for the commission to apply section 32 of the compensation law as interpreted and construed by this court in *Richardson* v. *Maryland Casualty Co.,* [supra]. . . The commission in its award says that between the date of the last payment of compensation and the date of the second hearing before the commission, during which time the question was before the court of whether Braden [the claimant] had unreasonably refused an operation, 119 weeks elapsed, and that during this time Braden was entitled to receive compensation as for the total loss of use of his leg. There is no evidence in the record upon which the commission could base a finding that during the 119 weeks Braden had a total loss of use of his leg; but even if there were such evidence, the commission could not order plaintiffs in error to pay compensation as for the total loss of use of the leg during said time. If during the 119 weeks Braden did in fact have a total loss of use of his leg, and later, in December, 1929, the medical evidence disclosed, and the commission from such evidence found as a fact, that he had a 50% permanent partial loss of use of the leg, then during said 119 weeks there was no *permanent* partial disability with which the commission could deal. In other words, it was necessary to ascertain the permanent partial disability before an award could be made under section 32; but when the permanent partial disability was ascertained, then the claimant became entitled to receive compensation as for the 50% permanent partial loss of use of the leg, and such compensation is in lieu of all other compensation for the permanent partial handicap." See authorities heretofore cited.

4. Under the foregoing rulings the judge of the superior court erred in affirming the award of the industrial commission.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 31, 1931.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Porter & Mebane,* contra.