## 21954. KEEL v. AMERICAN EMPLOYERS INSURANCE COMPANY *et al.*

BROYLES, C. J. 1. Where "an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the industrial commission such refusal was justified." Workmen's Compensation act, section 33 (Ga. L. 1920, pp. 167, 186), Park's Code Supp. 1922, § 3154(*gg*). In the instant case the undisputed evidence showed that the claimant was injured on January 26, 1931; that on or about April 13, 1931, he was discharged by the attending physician, who notified the employer of such discharge and who further informed the employer that in his (the doctor's) opinion the claimant was able to do selective work; and that shortly thereafter such work was offered to the claimant by the employer and refused by the claimant. This refusal continued until June 15, 1931, on which date the claimant accepted the selective work offered. The evidence raised an issue of fact as to whether the claimant, from on or about April 13 to June 15, was able to do the work offered by his employer. As to this feature of the case the single commissioner, upon the hearing, held as follows: "I find as a matter of fact from the evidence adduced, that the claimant was not able to return to work until the 15th day of June, 1931, and that from January 26, 1931, to June 15, 1931, he was suffering from a multiple of injuries, . . and that during this period he was totally disabled for *competitive* labor and should be paid compensation under section 30 of the compensation act as totally disabled for *competitive* labor." (Italics ours.) Under the evidence adduced, the commissioner should have determined specifically whether in his opinion the refusal of the claimant, from about April 13, 1931, to June 15, 1931, to accept the *selective* work offered him by his employer, was justified. It does not appear from the award and findings of the commissioner that he so determined.

2. Before an award can be made, under section 32 of the compensation act, for the permanent partial loss of a member, it is necessary to ascertain definitely such permanent partial disability, and it is obvious that this can not be done until the maximum improvement in the condition of the member has been reached. See *American Mutual Liability Ins. Co.* v. *Braden,* 43 *Ga. App.* 74 (157 S. E. 904). In the instant case the award of the commissioner, made under section 32 of the compensation act, fails to show that he passed upon the question of fact whether the claimant's injured arm had reached its maximum improvement.

3. Under the foregoing rulings the judge of the superior court did not err in reversing the award of the industrial commission.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*Porter & Mebane,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.

