LIBERTY MUTUAL INSURANCE COMPANY *et al. v.* CLAY.

No. 9635. FEBRUARY 15, 1935. REHEARING DENIED MARCH 1, 1935.

*McDaniel, Neely & Marshall* and *Harry L. Greene*, for plaintiffs in error.

*Sidney Holderness* and *Willis Smith*, contra.

BELL, J. This case is before this court upon the grant of a certiorari. *Liberty Mutual Insurance Co.* v. *Clay*, 46 *Ga. App.* 558 (168 S. E. 79). Only two questions are presented for decision

by this court. One question is raised by an assignment of error upon the following portion of the decision of the Court of Appeals: "Where, after an award of compensation for a total incapacity to work, resulting from an injury to an employee's leg, had been made in accordance with the provisions of section 30 of the workmen's compensation act, and the employer and the insurance carrier had appealed from the award to the superior court, the appeal was sustained and the case remanded to the industrial commission with instructions that they ascertain and determine the permanent partial loss of use of the leg as specified in section 32 of the compensation act, the award, in so far as it awards compensation, is affirmed, and is set aside only in so far as compensation is awarded by an application of the provisions of section 30 of the compensation act. The sole questions for determination upon the rehearing are the permanent partial loss of the use of the leg, and a determination of compensation therefor as provided in section 32 of the act; and there is not then presented for determination any question as to whether the maximum improvement in the condition of the injured employee's leg had been reached. On the rehearing compensation must be awarded by an application of the provisions of section 32 of the act with reference solely to the amount of loss of the use of the employee's leg; and an award of compensation, made after the case has been remanded as above indicated, is not illegal, or for any reason erroneous, upon the ground that it did not appear that the maximum improvement in the condition of the employee's leg had been reached. Where the evidence as to the extent of the injury adduced upon the first hearing was sufficient to authorize a finding as to the extent of the loss of use of the employee's leg, although the maximum improvement may not have been reached, the Directors of the Department of Industrial Relations, before whom the second hearing was had, were authorized to find the percentage of the impairment in the use of the employee's leg, without hearing additional testimony, and to award compensation as provided in section 32 of the act." It is alleged in the petition for certiorari that this part of the decision is erroneous, because it holds that an award of compensation may be made under section 32 before maximum improvement in the condition of a specific member has been reached, whereas under the plain and distinct provisions of this section it is first necessary to ascertain the extent

of the permanent partial loss of use of the member before an award can be made thereunder, and this can not be done until maximum improvement has been reached. It is further contended that in relation to this question the decision of the Court of Appeals is in direct conflict with previous decisions by the same court in *American Mutual Liability Insurance Co.* v. *Braden*, 43 *Ga. App.* 74 (157 S. E. 904) ; *Keel* v. *American Employers Insurance Co.*, 44 *Ga. App.* 773 (162 S. E. 847).

The second question is presented by an assignment of error upon that portion of the decision of the Court of Appeals wherein it was held: "Upon an appeal to the superior court from the award made by the Directors of the Department of Industrial Relations, after the case had been remanded with instruction that an award be made under section 32 of the act, the evidence was sufficient to authorize the finding made that the employee had suffered a sixty per cent. impairment in the use of his leg and was entitled to compensation in a weekly amount, for one hundred and seventy-five weeks, less twenty-nine weeks for which he had already been paid, viz., one hundred and forty-six weeks, equal to sixty per cent. of one half of his weekly wages of $50, viz., sixty per cent. of $25, which is $15." It is alleged that this ruling is in conflict with and places an illegal and improper construction on section 32, in that it allows for a sixty per cent. permanent partial loss of use of a leg the same amount of compensation that the employee would have been entitled to receive under the law for a total, or 100%, loss of use. Substantially the same question is raised by other assignments of error contained in the petition for certiorari.

It is insisted by the petitioners in certiorari that no award for an injury to a specific member can be made by the department of industrial relations before maximum improvement has been reached. We can not agree with this contention. Section 32 refers to "permanent partial industrial handicap;" but the use of the word "permanent" does not mean that compensation for an injury to a specific member must be fixed on the basis of the ultimate condition. Section 32 must be considered in connection with section 45, relating to a change in condition, and thus the word "permanent" is necessarily qualified by the provisions of the last mentioned section. For illustration, let us suppose that an employee receives an injury which is confined to a leg and results in a total loss of use for fifty

weeks. At the end of this period his condition has so improved that for an additional fifty weeks he has only an eighty per cent. loss of use. For the next fifty weeks, in view of further improvement, he has only a sixty per cent. loss of use which continues until the expiration of the 175 weeks, for which compensation may be allowed under the statute for an injury to such member. In such case, the employee would be entitled to compensation according to his actual condition, to be determined from time to time by the industrial commission upon application of either party for a readjustment of compensation upon the ground of a change in condition. Cf. *Globe Indemnity Co.* v. *Lankford, 35 Ga. App.* 599, 602 (134 S. E. 357). Upon this question we agree with the following statement by the Court of Appeals in *Travelers Insurance Co.* v. *Reid, 49 Ga. App.* 317 (175 S. E. 414) : "Total loss of use of such member is equivalent to the loss of such member, and compensation for such total loss of use shall, even after the 10 weeks' healing time, be continued under section 32 until there shall be a permanent or partial recovery of the use, at which time compensation should be reduced proportionately to the recovery of the use of such member, under section 45 (Civil Code, § 3154(45)). In no event shall the compensation continue for a longer period, where the injury is confined to a member and there is no superadded injury causing total incapacity to work, than that period fixed by section 32 of the act." The compensation act says nothing about final settlement of compensation upon the basis of the employee's condition after maximum improvement has been reached, and decisions approving such a practice have seemed to consider section 32 as an isolated provision, whereas this section must be read and applied in harmony with section 45. We disapprove the decisions in *American Ins. Co.* v. *Braden,* and *Keel* v. *American Ins. Co.,* supra, and *Stone* v. *American Ins. Co., 42 Ga. App.* 271 (155 S. E. 795), so far as they may conflict with the views herein expressed.

In the instant case, the industrial commission found that the injury was confined to a specific member. "A different case would be presented if the evidence had shown that in consequence of such injury the employee had suffered a superadded injury or disease affecting other portions of his body." *Travelers Insurance Co.* v. *Reid, 178 Ga.* 399 (173 S. E. 376). *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (2) (119 S. E. 721) ; *Ocean Accident & Guarantee*

*Cor.* v. *Harden,* 44 *Ga. App.* 223 (160 S. E. 699); *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840, 845 (163 S. E. 247). So we disagree with the contentions made by the petitioners in certiorari in the first assignment of error.

The Court of Appeals erred, however, in holding that the employee was entitled to compensation for 175 weeks in a weekly amount equal to 60% of one half of his wages of $50 per week, less amounts paid for a period of 29 weeks. In the recent case of *United States Fidelity Co.* v. *Edmondson,* 179 *Ga.* 590 (176 S. E. 406), it was held that for the total loss of use of a member the weekly compensation payments shall be subject to the same limitations as to maximum and minimum as set out in section 30, the maximum thereunder being $15 per week, and that if the injury consists of the partial loss or of the partial loss of use of a member, the compensation shall be determined by ascertaining the weekly compensation which would have been payable for such total loss, or loss of use, and by then taking such proportion thereof as will correspond with the proportion which such partial loss bears to the total loss. In the present case the department of industrial relations found that the employee had sustained only a 60% loss of use of his leg, and so, excluding compensation for 10 weeks total disability, the employee would be entitled to 60% of the maximum amount of $15, as allowed under section 30, and not 60% of one half of his weekly wages; that is to say, on such a finding he would be entitled to $9 per week for a period of 175 weeks, less any payments made subject to credit in the meantime. We thus sustain the second contention of the petitioners in certiorari. This conclusion is not contrary to the decision in *Home Accident Insurance Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131), as explained in the *Edmondson* case, supra, decided some time after the decision of the Court of Appeals in the instant case.

*Judgment reversed. All the Justices concur.*