## 30872. MARYLAND CASUALTY COMPANY *et al. v.* PITMAN.

DECIDED SEPTEMBER 20, 1945.

*T. Elton Drake,* for plaintiffs in error. *Noah J. Stone,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The controlling question in this case is whether the evidence on the last hearing showed that Pitman's physical condition had improved since the award of July 21, 1943; and the burden of showing such a change was upon the defendants. The previous awards were conclusive as to all the facts of the case, except as to a change in Pitman's physical condition subsequently to the award of July 21, 1943. *Rhindress* v. *Atlantic Steel Co.*, 71 *Ga. App.* 898 (32 S. E. 2d, 554).

On the hearing now under review, the evidence was somewhat conflicting. One physician testified that he examined Pitman on July 14, 1944, and, in his opinion, Pitman had a forty to fifty per cent permanent partial disability, and that he was not totally disabled. However, the same witness testified positively that Pitman's physical condition, when he was examined on July 14, 1944, had not changed from what it was on June 22, 1943, and that, if he was totally incapacitated on that date, he was in the same condition on July 14, 1944. Another physician testified that he had "recently" examined Pitman, and, in his opinion, Pitman had a thirty-five to forty per cent disability; but the witness further stated that he could not say that Pitman's physical condition had changed from what it was on June 22, 1943. It is settled that the opinionative testimony of medical experts is not conclusive on the hearing of a workmen's compensation case, but may be accepted or rejected by the hearing director. Pitman, the claimant, testified that his present physical condition had worsened since the award of June 22, 1943. In our opinion the evidence as a whole amply authorized the director to find that Pitman's physical condition had not improved subsequently to the award of June 22, 1943; and, if on July 14, 1944 (the date of the last physical examination of Pitman), his physical condition had not changed since the award of June 22, 1943, then it logically follows that his physical condition had not changed since the award of July 21, 1943.

The judge of the superior court did not err in sustaining the award of the full board.

*Judgment affirmed.* *MacIntyre and Gardner, JJ., concur.*