31717. UNITED STATES FIDELITY & GUARANTY CO. *et al. v.* GARNER.

DECIDED NOVEMBER 1, 1947.

*Bussey & Hardin, Henry J. Heffernan,* for plaintiffs in error.
*Cohen & Cohen,* contra.

FELTON, J. The only question in this case is whether the finding by the board on the first hearing that there was no injury to the leg and back of the employee which was compensable is res judicata and precludes a re-examination of the same injuries on a petition for compensation based on a change in condition. It will be noted that compensation was granted for the loss of vision of the claimant's left eye and compensation for injuries to his leg and back was denied, not for the reason that the employee did not suffer such injuries, but because he was earning the same wages after the injury as before. As we understand

the ruling of the Supreme Court in *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355), where there is an award denying compensation on an initial hearing of a claim there can be no review of the award because of a change in condition, no matter what the reason for the denial of compensation was, and where there is an award granting compensation for an injury there may be a review on an application based on a change in condition. The statute makes no exception but provides broadly that "any award or any settlement made between the parties and filed with the board" may be reviewed. The original award in this case was based on a claim for injuries received by one person in one accident, and when an award for the injured eye was made the law stepped in and kept the case alive as a pending case for two years pending a possible change in condition, whether it was a change in the eye or other part of the body for which compensation had been denied. Since the award of compensation keeps the case open, no refusal to award compensation for an injury to some other part of the body is res judicata. The distinction between the finality of awards granting and denying compensation under the law as it is written is that the law keeps the case pending where compensation is awarded and makes a judgment denying compensation in the first instance a final judgment ending the entire case for all purposes, in which case the only remedy is an appeal from the award within the time prescribed by statute. Code, § 114-710. The fact that the first appeal was not prosecuted is immaterial. Even if the appeal had been prosecuted and denied, the case would still be pending insofar as a change in the claimant's physical condition is concerned.

The court did not err in reversing the finding of the board and in remanding the case.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*