35257. FULTON BAG & COTTON MILLS *v.* SPEAKS.

DECIDED SEPTEMBER 27, 1954.

690

*Moise, Post & Gardner,* for plaintiff in error.

*Len B. Guillebeau,* contra.

GARDNER, P. J. The gravamen of the contention of the employer is: (a) that there was no medical evidence of any permanent disability, and (b) that there was no evidence that the claimant had reached his maximum improvement. The hearing took place three months and three days after the admitted injury. Since we have set forth the evidence of all the witnesses, we will not reiterate any evidence here. It is contended by counsel for the employer that a permanent partial disability gives rise to various obligations which are considerably more than obligations for temporary disability. This contention is true as a matter of law under Code §§ 114-417, 114-714, and 114-709. Our attention is first called by counsel for the employer to *Cone* v. *Davis,* 66 *Ga. App.* 229, 236 (6) (17 S. E. 2d 849), wherein this court said: "The plaintiff was asked: 'From all of the past experience and suffering that you have had, an inability to get well and walk on that leg, do you think it is permanent?' Defendant's counsel interposed an objection that the question was leading and an answer thereto would be in effect a medical opinion which she could not give. The objection was overruled. The plaintiff was

then asked: 'Just go ahead; what was it you said as to whether in your opinion your injuries are permanent?' She answered: 'I will not ever be well; ever since I got hurt I get worse instead of better.' The defendant contends that the plaintiff being a lay witness the question and answer should have been excluded for the reasons stated in the objection. 'The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses.' Code § 38-1710. 'Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor, but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible.' Code, § 38-1708. 'The class of questions here referred to must be such as lie within the range of common opinion.' *Atlanta Street R. Co.* v. *Walker,* 93 *Ga.* 462, 465 (21 S. E. 48). That is, an opinion which is supposed to be within the common knowledge, experience, and education of men. 20 Am. Jur. 651, section 781 (5). The injury here was substantive and of such a nature that a witness of only common knowledge could not with reasonable certainty know whether or not the injury would be permanent. Id. 649, § 778 (19). It was error to allow a party who was a witness to testify that in her opinion her injury was permanent."

Our attention is called also to *Keel* v. *American Employers Insurance Co.,* 44 *Ga. App.* 773 (162 S. E. 847), and we quote therefrom as follows: "Before an award can be made, under section 32 of the compensation act, for the permanent partial loss of a member, it is necessary to ascertain definitely such permanent partial disability, and it is obvious that this can not be done until the maximum improvement in the condition of the member has been reached. See *American Mutual Liability Ins. Co.* v. *Braden,* 43 *Ga. App.* 74 (157 S. E. 904). In the instant case the award of the commissioner, made under section 32 of the compensation act, fails to show that he passed upon the question of fact whether the claimant's injured arm had reached its maximum improvement."

Our attention is called to *Royal Indemnity Co.* v. *Babb,* 66 *Ga. App.* 51 (16 S. E. 2d 907). While counsel did not quote from

this ·case, we· quote as follows: "1. While it is not :competent for a claimant testifying as to the change in condition of an injured member, for the purpose of showing an increase in permanent partial industrial handicap, to state that in her opinion such changed condition of injury is permanent (*Atlanta Street Railroad Co.* v. *Walker*, 93 *Ga.* 462 (2), 21 S. E. 48), nevertheless she may state the facts relatively to such condition, and from such facts, together with the remaining evidence, the director or board may determine the question of permanency.

"2. Notwithstanding the testimony of a witness in a subsequent hearing is the same as to maximum percentage of industrial handicap as that given on a former hearing, when the director based the award on other testimony, showing a lower percentage, such testimony is not incompetent, when taken in proper relation to all evidence in the case, to establish a greater percentage on the subsequent hearing on a claim of change of condition."

We will discuss in reverse order the three cases to which reference has been made hereinabove. *Royal Indemnity Company* v. *Babb* holds that a claimant might state the facts, and from such facts and all other evidence in the case the State Board of Workmen's Compensation may determine the question of permanency of the injury. Counsel for the employer, interpreting that decision, say: "This means that the holding was supported by other evidence, and such is·not true in the case at bar." We disagree with eminent counsel as to this conclusion. In determining permanency of an injury, the board is authorized to take into consideration the nature of the injury, the date of the injury in relation to the date of the trial, and the progress of the healing throughout the time from the infliction of the injury. This whole record before us is replete with such evidence which the board did consider. With reference to *Keel* v. *American Employer's Insurance Co.*, supra, we call attention to *Liberty Mutual Insurance Co.* v. *Clay*, 180 *Ga.* 294 (178 S. E. 736), wherein the Supreme Court, among other critical statements regarding the *Keel* case, said: "We disapprove the decisions in *American Ins. Co.* v. *Braden*, and *Keel* v. *American Ins. Co.*, supra, and *Stone* v. *American Ins. Co.*, 42 *Ga. App.* 271 (175 S. E. 795), so far as they may conflict with the views herein expressed." We revert now to *Cone* v. *Davis*, supra, and the quotation therefrom. In

examining the testimony of the claimant in the instant case, we find no reference by the claimant regarding the permanency of the injury. He only gave in his evidence his condition from the time of the injury to the time of the trial, over three months. The authority—and we think the duty—then devolved upon the State Board of Workmen's Compensation to determine both the maximum recovery and the permanency of the disability. We are quite sure that the full board, as well as the superior court, considered both questions. We say this because the brief of counsel here is to all intents and purposes the brief they filed with the State Board of Workmen's Compensation and with the judge of the superior court. Moreover, in interpreting the award in the instant case, the proper construction is that the award was based upon maximum recovery and permanency.

Counsel for the employers further call our attention to the principle of law that, where the facts in the case are equally consistent with either of two theories, they prove neither. Our conclusion is that this principle is not applicable under the record and facts of the instant case, and so we will not discuss it further.

2. We think it proper in this connection to call attention to certain other cases bearing on the issues before us, called to our attention by counsel for the claimant. In *Atlantic Steel Co. v. McLarty*, 74 *Ga. App.* 300, 304 (39 S. E. 2d 733), we find the following: "It has been held that the testimony of an injured person as to the extent of his injuries may be believed in preference to the opinions of 'a whole college of physicians' testifying to the contrary. See *City of Atlanta v. Champe*, 66 *Ga.* 659, 663, *Southern Ry. Co. v. Tankersley*, 3 *Ga. App.* 548 (1) (60 S. E. 297), *Southern Ry. Co. v. Petway*, 7 *Ga. App.* 659 (1) (67 S. E. 886), and *Great Atlantic & Pacific Tea Co. v. Dupee*, 71 *Ga. App.* 148, 153 (30 S. E. 2d 365). In the final analysis, the testimony of the doctors as to the cause of the claimant's blindness was in the nature of opinions based on their observation and experience, while the claimant's testimony as to the cause, nature and extent of his injuries was based on personal facts and experience better known to him than to anyone else. See *Hall v. General Accident Assurance Corp.*, 16 *Ga. App.* 66 (2), 80 (85 S. E. 600), *Bituminous Casualty Corp. v. Jackson*, 68 *Ga. App.* 447 (23 S. E. 2d 191), and *Maryland Casualty Co. v. Hopkins*, 71 *Ga. App.* 175 (30 S. E. 2d 357.)"

*Autry* v. *General Motors BOP Association Plant*, 85 *Ga. App.* 500 (1) (69 S. E. 2d 697) states: "A medical expert witness may give his opinion as to the cause of an injury; but where the cause of the injury constitutes the ultimate issue of fact to be determined by the fact-finding tribunal, this opinion is not absolutely binding on such tribunal. To hold otherwise would preclude such tribunal from exercising its proper function. The fact-finding body must take the evidence of the medical expert along with all the other facts and circumstances of the case, and thus determine the ultimate issue."

It is our opinion that the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*