35591, 35612. TRAVELERS INSURANCE COMPANY *et al.* *v.* HANEY; and *vice versa.*

DECIDED APRIL 27, 1955—REHEARING DENIED JUNE 28, 1955.

320

322

*Marshall, Greene & Neely, Edgar A. Neely, Jr., Robert G. Young,* for plaintiffs in error.

*Wade H. Leonard, J. Robert Wheat,* contra.

NICHOLS, J. While the State Board of Workmen's Compensation is not a court of general jurisdiction, nor even of limited common-law jurisdiction (*Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (2), 123 S. E. 897), it acts in a quasi judicial capacity, and may take judicial cognizance of its own judgments, orders, etc. Accordingly, upon consideration of the application of the claimant for a lump-sum settlement, and the request of the defendants for a hearing on the question of change in condition, the board was authorized to determine from its record that it had made an award finding that the claimant was permanently and totally disabled and that maximum improvement had been reached. This adjudication, which was affirmed on appeal to the superior court, and to which judgment there was no exception, established as the law of the case that the claimant was totally and permanently disabled as of the date of the award, to wit, March 10, 1954.

The question here presented is whether or not a finding by the board on March 10, 1954, that the claimant was permanently and totally disabled, and where an appeal to the superior court was there denied and no exception was taken, bars a rehearing on the ground of an alleged change in condition.

The doctrine of res adjudicata—which in ordinary proceedings gives to a judgment a finality and conclusiveness as to all matters which were put in issue, or which might under the pleadings have been put in issue—is not always applicable to an award by the State Board of Workmen's Compensation. However, the powers of the board to reopen and rehear cases in which an award has been made are limited by the compensation act itself. The right to a review of an award by the board, where otherwise res adjudicata, is found in § 45 of the act of 1920 (Ga. L. 1920, p. 191) as amended by the act of 1931 (Ga. L. 1931, pp. 7, 43), as amended by the act of 1937 (Ga. L. 1937, pp. 230, 233, 528, 534), and as amended by the act of 1943 (Ga. L. 1943, pp. 167-169), shown in Code (Ann. Supp.) as § 114-709. The provision is as follows: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of

a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." This is the only authority for a review. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334, 337 (12 S. E. 2d 355). As stated in *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566, 569 (161 S. E. 131): "Jurisdiction of the commission to review is based upon certain conditions precedent. In the first place, there must be a change in the condition of the employee before a proceeding can be instituted to review the award. In the second place, no such review can affect such award as regards any moneys paid thereunder. In the last place, the commission on review can not make an award ending, diminishing, or increasing the compensation previously awarded, except subject to the maximum and minimum compensation provided in this act. In all other respects the award concludes both the employer and the employee, and is res adjudicata as to their rights. So on review the industrial commission can not make a retroactive award to become effective as of the date of the original award. It can not treat moneys paid under the original award as compensating the employee for compensation awarded on review, on the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee for a permanent partial loss of capacity from the date of the original award to the date of the rendition of the award on review. It is not the purpose of section 45 of this act to abolish entirely the doctrine of res adjudicata; but it was intended to relieve the parties from this doctrine in the particular instances named therein." See also *Riegel Textile Corp.* v. *Vinyard,* 88 *Ga. App.* 753, 755 (77 S. E. 2d 760). It must be borne in mind that the review which is authorized is dependent upon an original award of compensation or an approved agreement which is made the award of the board. Where, as in *Gravitt* v. *Georgia Cas-*

*ualty Co.,* 158 *Ga.* 613, supra, the claimant was found to be a farm employee and therefore exempt from the operation of the compensation act, no review could be had under § 45 as amended. "The distinction between the finality of awards granting and denying compensation under the law as it is written is that the law keeps the case pending where compensation is awarded and makes a judgment denying compensation in the first instance a final judgment ending the entire case for all purposes, in which case the only remedy is an appeal from the award within the time prescribed by statute. Code, § 114-710. The fact that the first appeal was not prosecuted is immaterial. Even if the appeal had been prosecuted and denied, the case would still be pending insofar as a change in the claimant's physical condition is concerned." *U. S. Fidelity & Guaranty Co.* v. *Garner,* 76 *Ga. App.* 87, 89 (45 S. E. 2d 109). "The proceeding to review is not a new proceeding, but is based upon the jurisdiction of the commission acquired by the filing of the original proceeding for compensation. The jurisdiction of the commission over a case is lost when there is full compliance with its award, unless there is a provision in the act or in the award conferring continued jurisdiction of the case upon the commission. *Bosquet* v. *Howe Scale Co.,* 96 Vt. 364 (120 Atl. 171). Section 45 of this act expressly provides for compensation in a case where there has been a change in the condition of the employee; and this necessarily extends the jurisdiction of the commission to review a settlement agreement or its original award." *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130, 134 (133 S. E. 851). "There is no limit whatever upon the number of applications which either the employer or the employee may make on the ground of a change in condition. It is possible under this law for the employer to be harassed with repeated applications from the same claimant, but it is equally true that the employer may harass the beneficiary of compensation by repeated applications to have it discontinued. If this be a defect in the law it is a matter for legislative consideration. In view of this provision of the compensation act it would not seem proper, as an original proposition, to apply to the law the technical rules which have grown up under the name of res judicata." *Ware* v. *Swift & Co.,* 59 *Ga. App.* 836, 841 (2 S. E. 2d 128).

A very able discussion of the question may be found in *Rhin-*

*dress* v. *Atlantic Steel Co.*, 71 *Ga. App.* 898 (32 S. E. 2d 554), and the illuminating headnotes are as follows: "1. The following essential elements must be shown before an employee can recover an original award under the workmen's compensation act: (1) That there was an 'accidental injury'; (2) That it arose out of and in the course of the employment; (3) That he is entitled to compensation in some amount, and what the amount is. 2. The first and second essential elements stated above are sometimes called preliminary adjudications, and when adjudicated, on the hearing of an application for an *original* award are to be taken as res judicata as to the right of the employer and the employee upon the hearing of an application for any subsequent review. 3. If the original award adjudicates that the employee is not entitled to compensation in any amount, and no appeal is duly taken therefrom, the doctrine of res judicata applies to the third essential element stated in headnote 1, and the physical condition of the employee does not remain open for further inquiry, and the case is ended. 4. On the other hand, where the *original* award allows compensation in some amount, the doctrine of res judicata, while it applies to the essential elements 1 and 2 on a hearing in any subsequent review, it does not apply to the third essential element, which is relieved of such doctrine in the particular instances named in the Code, § 114-709, as amended, headed; *'Review of award or settlement on motion of board or because of change in condition; award.'* 5. Periodic reviews do not require finality of previous decisions. Hence new hearings may be held where new evidence can demonstrate that there is such a change in condition as provided by the Code section above mentioned. 6. There was sufficient competent evidence to support the award of the director in favor of the claimant, and the judge of the superior court erred in setting aside the award of the full board, affirming the award of the hearing director." See also, as to the right of review, *Lumbermen's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d 309) ; *Maryland Casualty Co.* v. *Pitman,* 72 *Ga. App.* 838, 839 (35 S. E. 2d 319) ; *Hartford Accident &c. Co.* v. *Carroll,* 75 *Ga. App.* 437 (1) (43 S. E. 2d 722). In *South* v. *Indemnity Ins. Co. of North America,* 39 *Ga. App.* 47 (146 S. E. 45), the disability was found to be permanent and total in the original award, but it was held that a new award of

compensation based upon a change of condition might be entered. This ruling was referred to with approval by the Supreme Court in the *McNair* case, supra.

Under Code § 114-417, a lump sum, calculated as prescribed, may be ordered paid under the conditions and limitations therein named. Nevertheless, as held in *Globe Indemnity Co. v. Lankford*, 35 *Ga. App.* 599 (134 S. E. 357), "An order of the industrial commission approving a lump-sum settlement between an employee and an employer, reciting that the amount paid or to be paid is equal to the value of the probable future payments and shall be a 'complete settlement of any disability' that the employee 'may now have or in the future may have as a result of the injury sustained,' is not, even when acted upon by the parties, conclusive as to the employee's right to additional compensation within the maximum provided in the compensation act, in the event of a subsequent change in condition on account of which the employee seeks a review of the settlement." This case illustrates how broad is the right of review even after an award of compensation for a lump sum.

In order to make clear the right of review under the present § 45 of the compensation act as amended, and as it now appears in Code (Ann. Supp.) § 114-709, and to relieve some confusion which even now exists, we have thought it desirable to enter into the foregoing extensive discussion of the subject.

It follows that the employer and the insurance carrier had the right to a hearing before the board in order that evidence might be presented as to a change in condition of the claimant subsequently to the award of the board on March 10, 1954. The action of the board in awarding the claimant a lump-sum settlement, instead of postponing such decision pending the hearing of evidence by the employer and the insurance carrier as to a change in condition, and in refusing to grant them a hearing on this question, deprived them of a constitutional right and constituted reversible error.

Accordingly, the judge of the superior court erred in affirming the action of the board in refusing to grant the employer and the insurance carrier a hearing on the question of a change in condition of the claimant subsequently to the award on March 10, 1954, and in affirming the award of a lump-sum settlement, which was made while the above-mentioned request was pending.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. The defendant in error contends that the judgment finding the claimant totally and permanently disabled is res judicata on the question of the claimant's condition at the time of such finding, for the reason that the award included a finding that maximum improvement in his condition had been reached, and contends that the implication in the cases of *American Mutual Liability Ins. Co.* v. *Braden,* 43 *Ga. App.* 74 (157 S. E. 904), and *Keel* v. *American Employers Ins. Co.,* 44 *Ga. App.* 773 (162 S. E. 847), is that a finding that maximum improvement has been reached at a particular time is res judicata of the claimant's condition, which cannot be reviewed on an application based on change in condition. Whatever the above decisions meant, they were disapproved in *Liberty Mutual Ins. Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736). It would seem that a finding of total and permanent disability alone would necessarily include a finding of the reaching of maximum improvement as of the time of the adjudication, at least in many cases. Whether such an award is authorized as of the time rendered is reviewable. If the claimant has a change in condition for the better, the matter is determinable upon application on change in condition. A finding of permanent and total disability without a finding of maximum improvement is in effect the same as such a finding plus a finding of maximum improvement. They both mean simply that the evidence authorizes the finding that the claimant as of the time of the adjudication is totally and permanently disabled, and if there is a change in condition for the better, the matter may be determined on application on change in condition. *South* v. *Indemnity Ins. Co. of North America,* 39 *Ga. App.* 47 (146 S. E. 45); *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131). The additional finding of maximum improvement does not give an award of total and permanent disability a finality which it would not have without such a finding. I believe this answers the contention made by the claimant in this case.