### 16873.  AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al. v.* BROCK.

1. Under the terms of the workmen's compensation act, where an employee, who in childhood had lost a foot and a part of one leg to within three inches of the knee, suffered a compensable injury to the remaining portion of his leg, as a result of which he sustained a 50 per cent. loss of the use of that portion, he was entitled to compensation for such partial loss of use at the rate of 50 per cent. of the amount which he should have received for the loss of a leg or for the loss of use of a leg, irrespective of the previous disability or injury.

2. The facts found by the industrial commission demanded an award in accordance with the foregoing ruling. On the appeal of the claimant from an award made on a different and erroneous basis the superior court was authorized to enter the proper final judgment upon the findings as made. The court, however, should have proportioned the period of the weekly payments rather than the amount of such payments; and direction is given that the court amend the judgment in accordance with this ruling, at the time the remittitur is made the judgment of the court below.

DECIDED SEPTEMBER 25, 1926.

Appeal; from Hall superior court—Judge J. B. Jones. September 19, 1925.

Application for certiorari was made to the Supreme Court.

*Harry L. Greene,* for plaintiffs in error.

*J. G. Collins,* contra.

BELL, J.  This is a case under the workmen's compensation act. The claimant, at the age of eight years, lost his right foot and his right leg up to within three inches of the knee-joint. On June 25, 1924, while employed by Gainesville Cotton Mills, he was injured "by having a bale of cotton roll on his knee, spraining his hip and knee" of the same leg. His wage at the time of the accident was $9.07 per week. This injury arose out of and in the course of his employment, and an agreement to receive and pay compensation was entered into by the parties at interest, and compensation was paid accordingly, as for ten weeks' temporary total incapacity. See Ga. L. 1923, p. 95, § 32. The claimant returned to work on September 6, 1924, and continued to work until April 20, 1925, when he was discharged by his employer because of a report of certain misconduct. Shortly afterwards he applied for additional compensation, on the ground of a change in condition. On hearing this application the commission, from medical testimony, found that there was "50 per cent. loss of use to that portion of his leg which had not been destroyed previous

to [claimant's] injury on June 25, 1924." The award stated, however, that the employee "had sustained an injury elsewhere that amounted to between 85 and 86 per cent. loss of use of a leg," and that "the injury already sustained amounts to approximately 150 weeks." Deducting 150 weeks from 175 weeks, the period for which compensation is allowable for total loss of use of a leg (see Ga. L., 1920, p. 167, § 32), the commission adjudged that "the remaining usefulness of the leg is therefore valued at 25 weeks." Since this "remaining usefulness" had been impaired 50 per cent., the claimant was awarded compensation for 12-1/2 weeks at the prescribed rate for loss of use of a good leg. The claimant was dissatisfied, and, on his appeal to the superior court, a judgment was entered in his favor, awarding compensation as for a 50 per cent. loss of a whole leg, without deducting the 150 weeks for which the commission had held that no compensation should be allowed. This was to sustain the appeal, and to render final judgment upon the facts found by the commission. The insurance carrier and the employer excepted, and the case is here for review.

Section 32 of the compensation act provides that for the loss of a leg the employee shall be entitled to compensation at the rate of 50 per cent. of his average weekly wages for 175 weeks. Subsection (r) provides that total loss of use of a member shall be considered as equivalent to the loss of such member, and that compensation for partial loss, or for partial loss of use, of a member "shall be such proportion of the payments provided for total loss as such partial loss bears to the total loss." Section 34 is to the effect that if an employee already has a permanent disability or has elsewhere sustained a permanent injury, such as specified in section 32, he shall be entitled to compensation for an injury in his employment only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed. The employee in this case was wearing an artificial limb and was making out with the piece of leg that he had. Presumably he was charged with the disability, in the price of his labor. Section 34, recognizing the probability of such charge, presumes it as a matter of law. Since he was not a whole man and was receiving less for his work because of that fact, he ought not to be charged with the disability again in adjusting the mat-

ter of compensation for injury. Compensation being based upon wages, the reduction made in wages, on account of the crippled service, automatically guaranteed a corresponding reduction ·in compensation, and to charge the claimant with his prior disability at both ends of the transaction would be manifestly unfair; what is more, under section 34, it can not be done. This section is construed to mean that where an employee is laboring under a physical disability, resulting from injury or otherwise, and suffers an injury for which compensation is due, he is ordinarily entitled to compensation in accordance with the degree of remaining capacity lost, whether it be total or partial, as though the former disability had not existed, and there shall be no deduction for the former disability. If the incapacity resulting from the later injury is partial, the criterion of compensation is determined by the provisions of section 32, without regard to actual diminution of earnings, where the case is one falling under the terms of that section. In other cases of partial incapacity the provisions of section 31 will govern, the compensation to be equal to one half the difference between the average weekly wages before and after the injury. If the incapacity be total, section 30 will control. In other words, section 34 has nothing to do with the particular provision by which compensation will be determined, but simply means that whatever capacity a man has after some other accident, misfortune, or injury, shall ordinarily be considered as the *unit* from which to determine the percentage of his subsequent impairment. The claimant had not lost his leg. He had lost a little more than his foot. The employer accepted him as he was and paid him as he was, and for the purposes of this case he will be regarded as a two-legged man. If he had lost all the remaining portion of the abbreviated member, or all of the use of it, he would have received compensation at the rate of 50 per cent. of his average weekly wages for 175 weeks. Having lost 50 per cent. of the use of such remaining portion, he is entitled, under subsection (r), to be paid 50 per cent. of the amount which he would have received for a total loss of use. The attorneys on both sides say that the case falls within the provisions of section 32; and with this we agree. The claimant is not seeking compensation for anything except for a partial loss of use of a member, or at least the commission did not find anything else in his favor, and we are

not concerned with any superadded incapacity, due to some cause produced by the injury or by such loss of use. See *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721). The compensation is, therefore, fixed by the schedule contained in section 32, and the subsequent loss of earnings is immaterial. Compare *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155). Even if it be true, as contended by the plaintiff in error, that the opinion filed by the learned trial judge shows that he arrived at his judgment by a process of reasoning which would have required a finding by the industrial commission upon a point as to which no finding was made, that fact would not vitiate the judgment if it was the proper judgment to be rendered under the findings which the commission did make. The matter reviewed in this court is the judgment, and not the reasons given for it.

A decision of this case turns largely upon the proper construction of § 34. After the most painstaking deliberation we have interpreted the provision as indicated above.

We can not agree with the contention that the compensation should be such proportion of the payments, as in case of total loss or total loss of use, as the partial loss of use as here shown would have borne to the total loss or total loss of use, had there been no prior injury. A comparison of a partial loss of a member, previously injured, with the loss which would have been sustained in the later accident if the member had been totally lost therein and had theretofore been sound and whole, is one of the things that § 34 was enacted to prevent. It may be that this section (see the word "only," in view of which we have in this case limited our construction by the word "ordinarily") was also intended to avoid conclusions like that reached in Branconnier's case, infra, in which it was held that where an employee who had already lost one eye lost his remaining eye, the latter loss should be regarded as a total disability; but as to this we express no opinion in the present case. The questions presented are by no means free from difficulty, but we think our conclusions are in line with the authorities. See, in this connection: Knoxville Knitting Mills Co. *v.* Galyon, 148 Tenn. 228 (255 S. W. 41, 30 A. L. R. 976); Industrial Commission *v.* State Ins. Compensation Fund, 71 Colo. 109 (203 Pac. 216); Schwab *v.* Emporium For-

estry Co., 216 N. Y. 712 (111 N. E. 1099); Branconnier's case, 223 Mass. 273 (111 N. E. 792); Corpus Juris, Workmen's Compensation Acts, § 84.

Let it be understood that we do not mean to hold that *any* portion of a leg is to be considered as a whole leg. In the case before us the part that remained after the prior injury included, and extended three and a half inches below, the knee-joint. In view of § 32(r) and § 34, we think the injury to such remaining portion should be considered as an injury to a leg. Whether this could be true if all that remained was above the knee-joint is a question not involved in the present case. See Allen *v.* American Ry. Express Co., 119 Me. 322 (111 Atl. 383, 18 A. L. R. 1348, and cit.).

Under the findings as made by the commission, its award was erroneous. The claimant was entitled thereunder, as a matter of law, to 50 per cent. of the compensation which would have been payable for a total loss or total loss of use of a leg, less the amounts previously received by him, as noted in the superior court's judgment. Section 59 provides that the superior court, on appeal, may enter the proper judgment upon the commission's findings, as the nature of the case may demand. The findings made in the instant case demanded the judgment which the superior court rendered, and it was not necessary to recommit the case on sustaining the appeal. The above is subject to this qualification: The court in awarding 50 per cent. of the compensation to which the employee would have been entitled as for the total loss, or total loss of use, of a leg, should have proportioned the period of the weekly payments rather than the amount of such payments, ordering that the payments be made at one half the average weekly wages, for 87-1/2 weeks, less credit for payments already made, instead of requiring them to be made at the rate of one fourth of such wages, for 175 weeks, less such credit. Section 30 of the compensation act provides that the weekly compensation shall not be "less than four dollars per week, except when the weekly wage is below four dollars, then the regular wages on the date of the accident shall be the weekly amount paid;" and, under section 32, "The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section

30." Under the judge's order, the weekly payments would have been less than $4, whereas they can not be less than this amount except when the weekly wage is less. The judgment will be affirmed with direction that it be amended to accord with the statute.

*Judgment affirmed, with direction. Jenkins, P. J. and Stephens, J., concur.*