20571. HOME ACCIDENT INSURANCE Co. *et al. v.* McNAIR.

STEPHENS, J. 1. Where, after a claimant for compensation has, for the permanent partial industrial handicap, consisting of the total loss of the use of a leg, been awarded compensation in the sum of $6 per week, which was fifty per cent. of his average weekly wages of $12 per week, for one hundred and seventy-five weeks, and has been paid compensation under this award for only one hundred and twenty weeks, the industrial commission, on a review of the award upon the ground of a change of condition as provided in section 45 of the workmen's compensation act, finds that the claimant is suffering only a partial loss of the use of the leg, the claimant is entitled to the compensation already paid to him as for a total loss of the use of his leg as provided under the first award, and is entitled to compensation for only a partial loss of the use of the leg, the amount of payments to be in such proportion to the payments

of the total loss as such partial loss bears to the total loss, for the number of weeks for which such partial loss is compensable, which is one hundred and seventy-five weeks, less the number of weeks, namely one hundred and twenty, for which the claimant has already received payments under the first award for the total loss of the use of the leg, viz., fifty-five weeks. The claimant is not entitled, as an award for such partial loss of the use of his leg, to the minimum compensation of $4 per week for the remaining number of weeks, viz., fifty-five, as provided in section 30 of the workmen's compensation act, where such payment does not represent the proportion of the payment provided for total loss which the partial loss bears to the total loss. See *Home Accident Insurance Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131), where certified questions propounded by the Court of Appeals in this case are answered.

2. The evidence authorized the finding by the industrial commission that there had been a change of the condition of the claimant, and that the claimant was suffering from only a partial loss of the use of the leg; and there being no evidence to authorize the inference that the impaired use of the leg was more than fifty per cent., and it appearing, without dispute from the evidence, that the claimant's average weekly wages were $12, and that therefore compensation for a fifty per cent. impairment of the use of his leg could not exceed fifty per cent. of one half of this amount, which was $3, the award of the industrial commission of $4 a week for fifty-five weeks was unauthorized by the law and the evidence. Since the evidence was in conflict as to the extent of the partial impairment of the use of the claimant's leg, no final judgment fixing compensation can be awarded. The judgment of the superior court affirming the award of the commission must therefore be reversed, and the award of the commission set aside, in order that the commission may, in accordance with the rulings of the Supreme Court as made in this case, determine the percentage of the claimant's incapacity in the use of the leg and fix the compensation therefor.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1932.

*Brock, Sparks & Russell,* for plaintiffs in error.

*George H. Carswell, Victor Davidson, John J. McCreary,* contra.

