## UNITED STATES FIDELITY AND GUARANTY COMPANY *et al. v.* EDMONDSON.

No. 9947. SEPTEMBER 24, 1934.

*Bryan, Middlebrooks & Carter* and *John A. Dunaway,* for plaintiff in error.

*James C. Davis,* contra.

BELL, J. The Court of Appeals certified to this court the following question: "Section 30 of the workmen's compensation act as amended (Ga. L. 1920, p. 167; Ga. L. 1922, p. 185) provides for compensation for a total disability, and reads as follows: 'When the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, . . the employee during such total incapacity, a weekly compensation equal to one half of

his average wages, but not more than fifteen dollars per week nor less than four dollars per week, except when the weekly wage is below four dollars, then the regular weekly wages on the date of the accident shall be the weekly amount paid; and in no case shall the period covered by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $5,000.'" "Section 32 of the same act as amended (Ga. L. 1920, p. 167; Ga. L. 1923, p. 92) provides as follows: 'In the cases included by the following schedule, the permanent partial industrial handicap in each case shall be compensated by payments for the period specified, and the compensation so paid for such handicap shall be as specified therein, and shall be in lieu of all other compensation for the permanent partial handicap. In addition to the compensation provided in the schedule for permanent partial handicap, compensation for total incapacity for work, as provided in section 30, shall be paid, but compensation for total incapacity for work shall in no case be paid for a period longer than ten weeks. . . For the loss of a leg fifty per centum of the average weekly wages during one hundred and seventy-five weeks. . . The compensation for partial loss of or for partial loss of use of a member . . shall be such proportion of the payments above described for total loss as such partial loss bears to total loss. . . The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30.' Does the last provision of section 32, to wit, 'The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30,' apply only to awards granting compensation for total incapacity for work, or does it apply also to awards granting compensation for a permanent partial industrial handicap, such as the partial loss of the use of a leg or an arm? To state the question more concretely: Under a proper construction of sections 30 and 32 of the compensation act as amended, is the maximum weekly compensation for the permanent partial loss of the use of a leg or an arm limited to fifteen dollars per week? In this connection the Supreme Court is respectfully requested to review the ruling in headnote 2 of *Home Accident Insurance Co.* v. *McNair,* 173 *Ga.* 566."

As will be observed, the Court of Appeals at the conclusion has succinctly stated the question in the case. We are of the opinion

that this question should be answered in the affirmative. In subsection (r) of section 32 is the statement that "The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above prescribed for total loss as such partial loss bears to total loss." For present purposes this statement will be designated as (P), signifying proportion. Later on in the same subsection it is stated that "The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30." This statement will be referred to herein as (M) for maximum and minimum. The meaning of section 32 as a whole can be more clearly understood by reversing the order of the statements just quoted. Upon such transposition, subsection (r) would read as follows: "Total loss of use of a member, or loss of vision of an eye, shall be considered as equivalent to the loss of such member or eye. (M) The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30. Loss of both arms, hands, legs, or feet, or of any two of these members, the permanent total loss of vision in both eyes, shall be deemed permanent total incapacity, and shall be compensated under section 30. (P) The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss." The transpositions made do not in any manner distort the meaning of this statute, since each of the statements designated as (M) and (P) above must be given effect, and the true meaning of each will remain the same, regardless of its position in subsection (r). As stated, however, the meaning of each statement and the meaning of section 32 as a whole will be clarified by reversing the order in which the two statements appear in the statute. It is thus seen that the total loss of use of a member, or the total loss of vision of an eye, shall be considered as equivalent to the total loss of such member or eye, and that the weekly compensation payments therefor as referred to in subsections (a) to (q), inclusive, shall be subject to the same limitations as to maximum and minimum as set out in section 30; but that if the injury consists of the partial loss or partial loss of use of a member or of the partial loss of vision of an eye, the com-

pensation shall be determined by ascertaining the weekly compensation which would have been payable for such total loss or loss of use, and by then taking such proportion thereof as will correspond with the proportion which such partial loss bears to the total loss. In other words, where the injury consists of the total loss or total loss of the use of a member, the weekly payments are subject to the maximum and minimum as stated in section 30; but in determining the amount to be paid for an ascertained *partial* loss or *partial* loss of use, two steps are necessary: (1) First determine the weekly compensation which would be paid for the total loss, or loss of use, of such member, as limited by section 30. (2) Having determined this result as a base, then calculate the proportionate amount thereof to be paid for the partial loss or partial loss of use.

Section 32 refers to "permanent, partial, industrial handicaps," which will include not only partial loss, or partial loss of use, of certain members, but also total loss or total loss of use. It is true that in *Home Accident Insurance Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131), it was stated by this court that the limitations as to maximum and minimum as set out in section 30 do not apply to an award for a permanent partial industrial handicap, which language, if standing alone, would seem to embrace all injuries referred to in section 32; but, as we have just stated, a permanent partial industrial handicap may consist either in the partial loss or of the total loss of a member or of its use. It was said in the *McNair* case that the limitations as to maximum and minimum as set out in section 30 apply only to compensation "for total incapacity for work, . . and not to an award for a permanent partial handicap, such as the partial loss of use of a leg." It appears from a careful analysis of that decision, however, that a *partial* loss of use was the injury, and the *only injury,* to be considered in that case. This is clearly apparent from the language of the question propounded and answered, when considered in connection with the statement of facts given by the Court of Appeals for the purpose of illustrating the question. While it was stated in that decision that the limitation as to maximum and minimum set out in section 30 does not apply to a permanent partial handicap such as a partial loss of use, it was yet held in effect that such limitation did apply to injuries such as the total loss of a member or of its use, and also that for a partial loss or loss of use the employee could recover only

a relative proportion of the amount to which he would have been entitled for a total loss or loss of use. See *Home Accident Insurance Co.* v. *McNair,* 44 *Ga. App.* 659 (162 S. E. 635). In other words, the effect of that decision was first to apply a limitation in accordance with statement (M) above, and then to calculate the proper proportion thereof in accordance with provision herein designated as (P). It is true, as was stated in substance in the *McNair* case, that the limitation fixed by section 30 does not apply directly or in the first instance to an injury such as the partial loss, or partial loss of use, of a member; but it does apply in express terms to an injury amounting to total loss, or total loss of use, of a member; and to this there is added the further but different limitation governing the payments for *partial* loss, or *partial* loss of use, namely, that the compensation therefor shall be such proportion of the payments for total loss "as such partial loss bears to the total loss." Since the decision in the *McNair* case dealt only with the partial loss of use of a leg, it is obvious that so much of that decision as stated that the limitation set out in section 30 applies only in cases of total incapacity for work was obiter and is not binding. We are requested by the Court of Appeals to review the ruling made in the second headnote of the decision in the *McNair* case. We will not review the decision, because we have concluded that nothing actually decided in that case is in conflict with the views which we now express.

To the question propounded by the Court of Appeals as finally stated in concrete form, we answer that, under a proper construction of sections 30 and 32 of the compensation act as amended, "the maximum weekly compensation for the permanent partial loss of the use of a leg or an arm" can not exceed $15 per week.

What has been said above may not be in accord with the reasoning adopted by the Court of Appeals in decisions prepared by the present writer while a member of that court, in *American Mutual Liability Insurance Co.* v. *Brock,* 35 *Ga. App.* 772 (135 S. E. 103), and *Richardson* v. *Maryland Casualty Co.,* 41 *Ga. App.* 520 (2) (153 S. E. 524). However that may be, we are satisfied that it does not conflict with anything decided in the *McNair* case or with any other decision by this court. *All the Justices concur.*