22557. UNITED STATES FIDELITY & GUARANTY CO. *et al. v.* EDMONDSON.

DECIDED NOVEMBER 15, 1934.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiffs in error.

*James C. Davis,* contra.

MACINTYRE,. J. The question for determination by this court is whether or not the judge of the superior court erred in affirming an award of the Department of Industrial Relations "in favor of John C. Edmondson against Horne-Wilson Company, employer, and/or the United States Fidelity & Guaranty Company, insurer, for 175 weeks, for the permanent partial industrial handicap suffered by Edmondson, at the rate of $22.50 per week."

It appears from the bill of exceptions that both the employer and the insurance carrier "admitted that the claimant, whose average weekly wage was . . $45 . . per week, received an injury through an accident which arose out of and in the case of his employment by Horne-Wilson Company on November 29th, 1931, which resulted in an injury to his left arm, as a result of which his arm was amputated above the wrist joint but below the elbow joint, and resulted in a specific injury to a member," and that "the claimant is entitled to compensation at the rate of $15 . . per week for a period of . . 175 weeks, . . but denied that he was entitled to compensation at a greater rate than . . $15 . . per week, and denied that he was entitled to . . $22.50 . . per week."

Both the award and the affirmance thereof by the judge of the superior court were based upon the hypothesis that section 30 of the Georgia workmen's compensation act, limiting a recovery to $15 a week, does not apply to an award made under section 32 of that act for a permanent partial industrial handicap, such as the partial loss of a leg or an arm. In order to settle this matter, this court certified to the Supreme Court a question which was finally stated concretely in this language: "Under a proper construction of sections 30 and 32 of the compensation act as amended, is the maximum weekly compensation for the permanent partial loss of the use of a leg or an arm limited to fifteen dollars per week?" After clearly distinguishing and limiting the ruling made in the case of *Home Accident Insurance Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131), the Supreme Court said: "To the question propounded by the Court of Appeals as finally stated in concrete form, we answer that, under a proper construction of sections 30 and 32 of the compensation act as amended, 'the maximum weekly compensation for the permanent partial loss of the use of a leg or an arm' can not exceed $15 per week." *United States Fidelity & Guaranty Co.* v. *Edmondson*, 179 *Ga.* 590 (176 S. E. 406). In that case Justice Bell, speaking for a unanimous court, so clearly and ably elucidates the question at issue that we deem it unnecessary to do more than state the conclusion reached by the Supreme Court. In that case the question propounded by this court is answered directly and concisely, and that answer is controlling in the case at bar. We therefore hold that the judge of the superior court

erred in overruling the appeal from the award of the Department of Industrial Relations.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*