27074. LIBERTY MUTUAL INSURANCE COMPANY *et al.* *v.* HOLLOWAY.

Decided October 24, 1938.

*Neely, Marshall & Greene,* for plaintiffs in error.

*R. H. Kimball,* contra.

SUTTON, J. In the present case it was admitted by the employer and the insurance carrier that the claimant, on December 30, 1936, sustained an injury to his right foot, and that such injury arose out of and in the course of his employment. Previously the parties had entered into an agreement which was filed with and approved by the Industrial Board, whereby it was agreed that the employee was to receive compensation for a sprained right foot and ankle, in the sum of $6 per week, this being one half of his weekly earnings of $12, from January 6, 1937, until terminated in accordance with the provisions of the workmen's compensation law. Under the agreement, compensation was paid to the claimant for a period of twenty weeks. On September 14, 1937, a hearing was brought on as to whether the claimant still suffered a disability as a result of the accident to his foot, and, if so, the extent of the same. The director in his finding, after stating the evidence, concluded: "Director finds as a matter of fact, from the superior weight of the evidence adduced, that the claimant as a result of his accident has a 25% partial disability to his right foot, and would therefore be entitled to compensation at the rate of $6 per week for a period of thirty-one and one fourth (31-1/4) weeks, covering his specific disability, or until such time as there may be a change in his condition, at which time this award may be changed to suit the then condition." The award of the director was affirmed by the full board. But it was set aside by the judge of the superior court, as recited in his order, "because (a) there is not sufficient competent evidence to warrant the findings of fact, and (b) an incorrect rule of law for determining the amount of compensation was applied by the Industrial Board." He further held and adjudged that the claimant was totally incapacitated by reason of the injury to his foot, and that he was entitled to and should be paid $6 per week compensation from June 7, 1937, as long as his disability continued to exist, not to exceed 350 weeks, including the number of weeks for which he had been paid at this same rate; and he ordered the employer and insurance carrier to make such payments to the claimant. The employer and the insurance carrier excepted.

The claimant, Dr. W. L. Mathews, and Dr. Randolph Smith

were the only witnesses to testify at the hearing before the director. The claimant testified, in substance, that he hit his right foot against an iron pipe and hurt it; that it remained swollen, continued to pain him, and was in about the same condition that it had been in since the injury; that he had some use of it, but could not stand on it long at a time; that he worked two weeks in February, 1937, after he sustained the accident on December 30, 1936, but had to quit work because his foot pained him so; that he used a pressing machine in his work, which he operated with his right foot; and that he was unable to work. Dr. Mathews, testifying for the claimant, said that he examined and treated claimant's foot the day after the injury, and had examined him about a week before the hearing, and that in his opinion the claimant had a partial loss of the use of his foot of 50 per cent. at the time of the hearing. Dr. Smith testified, that he specialized in bone and joint work; that he made an examination of claimant, had seen him six times, and had treated his foot; that he examined the foot from a clinical standpoint, as well as making an x-ray of it; that the x-ray picture did not show any bone or joint disease or any injury, but looked clear and was entirely negative; that, taking into consideration the pain and swelling complained of, he considered the claimant had a 25 per cent. loss of the use of his foot at the time of the hearing; and that the same was confined to his foot. It appears from the record that the director had the claimant to take off his shoes, so that he might look at both of his feet and observe for himself the condition of the injured foot.

Under the Code, § 114-710, and numerous decisions of this court and the Supreme Court, it is a well-settled principle of law that findings of fact by the directors of the Industrial Board within their power, in the absence of fraud, are final, conclusive, and binding when supported by any competent evidence, and can not be set aside by the courts. It has also been held that "The commission had the right to consider the physical appearance of the claimant as he attended upon the trial." *Abbercrombie* v. *Maryland Casualty Co.*, 41 *Ga. App.* 729, 730 (154 S. E. 459). The question for determination by the Industrial Board was whether the accident to the claimant's foot had caused a permanent partial or total loss of the use of his foot. The board found as a fact that the claimant had a 25 per cent. permanent partial loss of the use of

his foot. We think that finding was authorized and supported by some competent evidence, and that the judge of the superior court erred in setting aside such finding.

■ Code § 114-406 (section 32 of the workmen's compensation act) was applicable in determining the amount of compensation that the claimant was entitled to receive under the findings of fact by the Industrial Board. This court and the Supreme Court have held that in a case involving an injury to a specified member of the body, as described in the Code, § 114-406, the amount of compensation which can be awarded for an injury to such specific member is the amount prescribed in this Code section, and that such compensation is in lieu of all other compensation for permanent partial industrial handicap. So, in the present case, during the period while the claimant suffered a total loss of the use of his foot he was entitled to compensation at the rate prescribed for total disability; but later when it was made to appear (and the Industrial Board so found) that the claimant had only a 25 per cent. partial loss of the use of his foot, it was proper for the board to make an award under the Code, § 114-406, for such partial disability; that is, he was then entitled to compensation in the proportion which this partial loss bore to the total loss prescribed for disability for the loss of the use of a foot in that section. And in doing so the board ordered that the compensation be paid to the claimant at the total rate of $6 per week for a period of 31-1/4 weeks, instead of being paid at the partial disability rate of 25 per cent. for 125 weeks, the period for which compensation can be paid for the loss of a foot. In other words, the period during which the compensation was to be paid was shortened, instead of reducing the amount of the weekly payments, which is permissible under the provisions of the workmen's compensation law. The following cases are authority for holding that the amount of compensation that can be awarded a claimant under facts as presented in this case is the amount as prescribed in the Code, § 114-406. *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840 (163 S. E. 247) ; *Travelers Ins. Co.* v. *Reid,* 49 *Ga. App.* 317 (175 S. E. 414) ; *Fidelity & Casualty Co.* v. *Leckie,* 52 *Ga. App.* 591 (183 S. E. 642) ; *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (2) ; *Travelers Insurance Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376) ; *Liberty Mutual Ins. Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736).

■

■ The judge of the superior court erred in setting aside the award of the Industrial Board, and in holding that the claimant was entitled to receive compensation under the Code, § 114-404 (section 30 of the workmen's compensation act), at the rate of $6 per week for a period of 350 weeks, less the number of weeks for which he had been paid.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*