41167. PITTSBURGH PLATE GLASS COMPANY
v. BAILEY.

SUBMITTED FEBRUARY 3, 1965—DECIDED APRIL 28, 1965.

610

*Wendell C. Lindsey, Albert P. Feldman,* for plaintiff in error.
*Grubbs, Prosser & Burke, J. M. Grubbs, Jr.,* contra.

BELL, Presiding Judge. ■ The only matter cited by claimant in opposition to the employer's argument is the dissenting opinion in *Hardware Mut. Cas. Co. v. Wilson,* 72 Ga. App. 574, 582 (34 SE2d 634). The dissent cited has neither the effect of precedent nor, under the circumstances, persuasive import.

In *Liberty Mut. Ins. Co. v. Holloway,* 58 Ga. App. 542, 545 (2) (199 SE 334), the claimant's injury, by change of condition shown to the board, resulted in a 25 percent partial loss of the use of his foot. This court there stated: "It was proper for the board to make an award under the Code, § 114-406, for such partial disability; that is, he was then entitled to compensation in the proportion which this partial loss bore to the total loss prescribed for disability for the loss of the use of a foot in that section. And in doing so the board ordered that the compensation be paid to the claimant at the total rate of $6.00 per week for a period of 31-¼ weeks, instead of being paid at the partial disability rate of 25 percent for 125 weeks, the period for which compensation can be paid for the loss of a foot. In other words, the period during which the compensation was to be paid was shortened, instead of reducing the amount of the weekly payments, which is permissible under the provisions of the workmen's compensation law." The court stated no other reason for thus approving the action of the board, and cited no judicial precedent or statutory authority.

Before *Holloway* was decided, this court had held, in a similar situation of permanent partial handicap involving partial loss of use of a member that where the weekly compensation under § 32 (*Code Ann.* § 114-406)[1] of the Act would otherwise be less than the minimum prescribed by § 30 (*Code Ann.* § 114-404)[2]

---

[1] "The weekly compensation payments referred to this section shall be subject to the same limitations as to maximum and minimum as set out in section 114-404." *Code Ann.* § 114-406.

[2] "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to 60 per cent of his average wages, but not more than $37 per week nor less than $12 per week, except when the weekly wage is below $12, then the regular wages on the date of the accident shall be the weekly amount paid . . ." *Code Ann.* § 114-404.

the period of the weekly payments (not the total amount to be received by the claimant) should be proportioned so as to bring the amount of the weekly payment within the minimum specified in § 30. *American Mut. &c. Ins. Co. v. Brock*, 35 Ga. App. 772, 776 (135 SE 103), reversed on another point, 165 Ga. 771 (142 SE 101). Accord, *Richardson v. Maryland Cas. Co.*, 41 Ga. App. 520-525 (153 SE 524); *American Mut. &c. Ins. Co. v. Braden*, 43 Ga. App. 74 (2) (157 SE 904), disapproved on another point in *Liberty Mut. Ins. Co. v. Clay*, 180 Ga. 294, 297 (178 SE 736); *Liberty Mut. Ins. Co. v. Holloway*, 58 Ga. App. 542, supra. This holding was based upon the premise that the maximum and minimum limitations specified in § 30 applied directly to compensation for partial loss or partial loss of use, of a member.

Later, Justice R. C. Bell stated in *U.S. Fidelity &c. Co. v. Edmondson*, 179 Ga. 590, 594 (176 SE 406): "It is true, as was stated in substance in the *McNair* case [*Home Accident Ins. Co. v. McNair*, 173 Ga. 566, 161 SE 131], that the limitation fixed by section 30 does not apply directly or in the first instance to an injury such as the partial loss, or partial loss of use, of a member; but it does apply in express terms to an injury amounting to total loss, or total loss of use, of a member; and to this there is added the further but different limitation governing the payments for *partial* loss, or *partial* loss of use, namely, that the compensation therefor shall be such proportion of the payments for total loss 'as such partial loss bears to the total loss' . . . What has been said above may not be in accord with the reasoning adopted by the Court of Appeals in decisions prepared by the present writer while a member of that court, in [*Brock* and *Richardson*] . . ." See also *Liberty Mut. Ins. Co. v. Clay*, 180 Ga. 294, 298 (2), supra.

If the limitations of *Code Ann.* § 114-404 apply under *Code Ann.* § 114-406 with immediate reference only to total loss or loss of use, of a member, and limitations for partial loss or loss of use must be calculated proportionately, then the minimum to be awarded under *Code Ann.* § 114-406 for partial loss or loss of use, of a member, is less than the amount specified in *Code Ann.* § 114-404. This conclusion is antithetical to the premise upon which are based the holdings of the Court of Appeals in

*Brock, Richardson* and *Braden,* supra. While we do not believe these cases ever were intended as authority for the principle loosely stated in *Holloway,* any doubt was removed by the construction of § 32 (*Code Ann.* § 114-406) adopted by the Supreme Court in *Edmondson,* which was contrary to the construction under which this court believed § 32 required and authorized the adjustment of weekly payments as discussed.

At the time of its decision *Holloway* thus stood alone without precedent to sustain it. Moreover, we believe that its language is in conflict with provisions of the Workmen's Compensation Act. Beyond *Code Ann.* § 114-406, no provision of the Act either expressly or by implication vests the board with power arbitrarily to increase the weekly compensation payment by shortening the period of payments. In light of *U.S. Fidelity &c. Co. v. Edmondson,* 179 Ga. 590, supra, *Code Ann.* § 114-406 needs no further construction relevant to the instant case. It is clear and provides its own interpretation so far as it is concerned here. This section was intended to provide a weekly compensation for total or partial loss or loss of use, of a member for definite periods of time stated in the section. For partial loss or loss of use, of a member, its language is definitively calculated to import that, the lesser the loss or disability, the lesser the weekly compensation payment. Nowhere does it imply the lesser the loss, the shorter the period of payment.

To construe the statute to permit the board to increase the weekly payment and reduce the number of payments as it did in this case, would be to subject the employer to potential liability beyond the definite terms of the Act, for the claimant's condition might change before the end of the appropriate payment period so as to entitle the employer to a diminution in the amount of the payment. In the event of a change in condition the previous overpayment through the board's acceleration of the payments would be lost to the employer under *Code Ann.* § 114-709.

Because of its conflict with the statute *Holloway* will not be followed. The State Board of Workmen's Compensation is charged with the duty of effectuating *Code Ann.* § 114-406 without variance from its clear terms. Nothing said here is in conflict with anything in *General Accident &c. Corp. v. Beatty,*

174 Ga. 314, 319 (3) (162 SE 668). Nor does anything said here affect the board's power to authorize compensation to be paid in monthly or quarterly installments under *Code* § 114-416 or to fix lump sum payments under *Code Ann.* § 114-417.

Under the board's findings of fact the claimant was entitled, for 40 percent loss of use of his right leg, to weekly payments of $14.80 and no more.

■ An agreement for compensation entered into by the claimant and employer and approved by the board has the same effect as an award made by the board after a full hearing. See *Liberty Mut. Ins. Co. v. Morgan*, 199 Ga. 179, 181 (33 SE2d 336) and citations. "This court has repeatedly held that such award or agreement is res judicata that the amount of the award or agreement is owed the employee until the award or agreement is changed in a manner prescribed by law." *Gentry v. Georgia Cas. &c. Co.*, 107 Ga. App. 888, 889 (131 SE2d 788), citing *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432 (2) (124 SE2d 653) and citations. This is true even though money due to claimant under the agreement was not actually paid. *National Surety Corp. v. Nelson*, 99 Ga. App. 95, 97 (2) (107 SE2d 718); cf., *Code Ann.* § 114-709. The subsequent award based upon a change in condition cannot be made retroactive. *Home Accident Ins. Co. v. McNair*, 173 Ga. 566, 570, supra; *South v. Indemnity Ins. Corp. of N. America*, 39 Ga. App. 47 (4) (146 SE 45).

Under the agreement plaintiff was entitled to compensation of $37 per week from December 11, 1963, until the new award was made on July 7, 1964—that is 29-6/7 weeks at $37. Upon the subsequent award for change of condition claimant was also entitled to $37 compensation for one week from December 4, 1963, to December 11, 1963, because he was incapacitated for 28 days and longer. *Code Ann.* § 114-401. Under language used by the board in its findings of fact, the finding that the claimant's condition had changed to 40 percent loss of use of the right leg spoke as of the date of the order, July 7, 1964. Claimant was then entitled to compensation of $14.80 per week for 204 1/7 weeks. This amounts to compensation of $37 per week for ten weeks' "healing time" for total incapacity for work under *Code Ann.* §§ 114-404 and 114-406; $37 per week for

20 6/7 weeks for total loss of use of the leg under *Code Ann.* § 114-406 (o); and $14.80 per week for 204 1/7 weeks for 40 percent partial loss of use of the leg under *Code Ann.* § 114-406 (o).

The employer has paid compensation of $37 per week for 20 weeks from December 11, 1963 through April 28, 1964. This case is remanded with direction to the court to enter upon the board's findings of fact an award ordering that the employer pay claimant $37 for one week from December 4, 1963, to December 11, 1963; $37 per week for 9 6/7 weeks from April 29, 1964, to July 7, 1964; and $14.80 per week for an additional 204 1/7 weeks beginning July 7, 1964; that the employer pay all reasonable and necessary medical expenses incurred by reason of claimant's injury, not exceeding $2,500; and that all accrued compensation and medical expenses be paid immediately.

*Judgment reversed with directions. Frankum and Hall, JJ., concur.*