## 49100. PURSER v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

QUILLIAN, Judge.

This is an appeal from a judgment of the superior court which affirmed the award of the State Board of Workmen's Compensation. *Held:*

1. The claimant received an injury which arose out of and in the course of his employment. An award was entered granting the claimant compensation for total disability from July 2, 1971. An application for a hearing to determine a change in condition was filed. The evidence showed that the claimant received compensation payments for certain periods of time after July 2, 1971 when he was employed at an average weekly wage which was equal to that which he was receiving at

the time of his injury. The change in condition award stated that the employer was entitled to take credit for the number of weeks that the claimant was receiving a wage which was equal to the amount he was receiving when he was injured.

This portion of the award was error. There was at that time no provision of the Workmen's Compensation Act which authorized the board to enter an award which affected any compensation which had been paid to the claimant. *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581 (134 SE2d 783). It is true the award stated that the employer should receive credit for any week that the employee earned a weekly wage which was equal to or greater than that he was receiving at the time of his injury. However, we find no provision in the Workmen's Compensation Act which would authorize the board to place such a provision in its award. It should be noted that this decision deals with the Workmen's Compensation Act as it was prior to the 1972 Amendment of Code § 114-709 (Ga. L. 1972, pp. 149, 150).

Nothing held herein is in conflict with *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909). In the *Davis* case the compensation in question had not been paid to the claimant as it had in the present case. In 1971, Code § 114-709, as amended (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7), provided in part: "Such new award shall be effective as of the time the change in condition actually occurred as found by the Board, notwithstanding the retroactive effect of such award, but shall not affect any compensation actually paid to any employee." See *London Guarantee &c. Co. v. Ritchey,* 53 Ga. App. 628 (2) (186 SE 863).

2. The claimant contends that the board did not properly compute the compensation due him for the partial loss of a specific member. This contention is without merit. *Pittsburgh Plate Glass Co. v. Bailey,* 111 Ga. App. 609 (142 SE2d 388).

3. The evidence authorized a finding by the board that the claimant was only partially disabled and that the claimant was not seeking any employment because he was in school.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED MARCH 8, 1974 —
REHEARING DENIED MARCH 29, 1974.

*Seay & Sims, Marshall R. Sims,* for appellant.
*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr., Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellees.