2003 ME 155

**Norman McNALLY**

v.

**DOUGLAS BROTHERS, INC., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 23, 2003.
Decided: Dec. 23, 2003.

James J. MacAdam, Anna Priluck, MacAdam Law Offices, P.A., Portland, for employee.

William O. LaCasse, Norman, Hanson & DeTroy, LLC, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Norman McNally appeals from a decision of a hearing officer of the Workers' Compensation Board *(Johnson, HO)*, denying his petition for specific loss benefits for the loss of three fingers pursuant to 39–A M.R.S.A. § 212(3)(F) (2001). McNally contends that the loss of the first phalange and the partial loss of the second phalange of each of the three fingers constitutes the total loss of those fingers pursuant to the statute. We agree and vacate the decision.

## I. BACKGROUND

[¶ 2] Norman McNally began working for Douglas Brothers, Inc. in 1978. McNally injured his fingers while operating a press machine on April 5, 1999, resulting in the surgical removal of portions of the middle, ring, and pinky fingers of his right hand. McNally is right hand dominant. He returned to work after the injury in a light-duty capacity and was laid off in February 2001. McNally currently works full time for another employer as a maintenance employee.

[¶ 3] Douglas Bros. voluntarily paid specific loss benefits to McNally for the loss of the first (distal) phalanges of each of the three severed fingers. In December 2001, McNally filed petitions for award of incapacity and specific loss benefits, seeking compensation for the loss of his entire three fingers.[1] The hearing officer granted that portion of the petition seeking

---

1. In accordance with 39–A M.R.S.A. § 212(3)(F) (2001), the loss of one phalange entitles a worker to 1/2 the compensation paid for the loss of the entire finger or thumb, and the loss of "more than one" phalange entitles a worker to full compensation for the loss of the entire finger or thumb.

incapacity benefits and awarded continuing partial incapacity benefits based on the difference between McNally's pre-injury and post-injury wages, but denied the claim for additional specific loss benefits.

[¶ 4] The hearing officer based her denial of additional specific loss benefits on medical evidence that established that McNally lost the first phalange of each of the three fingers, but suffered only "10% or less loss [of] the *middle phalanges* of said fingers." This evidence was considered relative to the statutory directive contained in 39–A M.R.S.A. § 212(3)(F) that "[t]he loss of more than one phalange is considered as the loss of the entire finger or thumb." The hearing officer construed this provision to mean "that another entire phalange must be lost in order for it to be considered 'more than one phalange' and equal a loss of the entire finger." She rejected McNally's argument that any loss beyond one phalange requires a finding of a loss of the entire finger or thumb.

[¶ 5] The hearing officer issued subsequent findings of fact which did not alter her opinion with respect to specific loss benefits. We granted the employee's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II.  DISCUSSION

[¶ 6] McNally contends that the loss of the first and a portion of the second pha-langes of his three fingers constitutes the loss of those entire fingers pursuant to section 213(3)(F).[2] Douglas Bros. contends that the hearing officer properly interpreted the phrase "more than one phalange" in section 213(3)(F) to require the loss of the entire second phalange. Douglas Bros. contends that the hearing officer's interpretation is supported by *McLean's Case*, 119 Me. 322, 111 A. 383 (1920).

[¶ 7] In *McLean's Case*, the employee lost most of his foot and a portion of his ankle—roughly two-thirds of his foot—but not his heel. *Id.* at 323–24, 111 A. at 384. The hearing commissioner in that case concluded that the employee lost his foot for purposes of awarding specific loss benefits. *Id.* at 323, 111 A. at 384. We vacated, concluding that the statute only permitted specific loss compensation for the loss of the entire foot, and not for a portion of a foot. *Id.* at 325, 111 A. at 384.

[¶ 8] The conclusion reached in *McLean's Case* is inapposite to the present case, because unlike the provision governing the amputation of a foot considered in the opinion, section 213(3)(F) expressly provides that the loss of a portion of a finger or thumb may be regarded as the loss of the whole finger. Indeed, this very distinction was addressed in *McLean's Case* by a comparison of the provision governing the loss of a foot with other provisions then governing the loss of a

---

2.  39–A M.R.S.A. § 212(3)(A)–(F) (2001) provides in its entirety:

    **3. Specific loss benefits.** In cases included in the following schedule, the incapacity is considered to continue for the period specified, and the compensation due is 80% of the after-tax average weekly wage subject to the maximum benefit set in section 211. Compensation under this subsection is available only for the actual loss of the following:

    **A.**  Thumb, 65 weeks;
    **B.**  First finger, 38 weeks;
    **C.**  Second finger, 33 weeks;
    **D.**  Third finger, 22 weeks;
    **E.**  Fourth finger, 16 weeks;
    **F.**  The loss of the first phalange of the thumb, or of any finger, is considered to be equal to the loss of 1/2 of that thumb or finger, and compensation is 1/2 of the amounts specified in paragraphs A to E. *The loss of more than one phalange is considered as the loss of the entire finger or thumb.* The amount received for more than one finger may not exceed the amount provided in this schedule for the loss of a hand[.]

    *Id.* (emphasis added).

thumb, finger, or toe. 119 Me. at 325, 111 A. at 384–85. With respect to the latter appendages, the opinion observed that the Legislature had expressly made "the loss of a part equivalent to the loss of the whole .... [W]hen the [Legislature's] intention was to make any part less than the whole equivalent to the whole, it was expressly so stated." *Id.* Accordingly, we do not agree that *McLean's Case,* which deals with the loss of a foot, is support for the hearing officer's application of section 212(3)(F) to the loss of McNally's fingers.

[¶ 9] Because the parties' opposing constructions of the phrase "more than one phalange" as used in section 213(3)(F) are both reasonable, the phrase is ambiguous and warrants our examination of legislative intent to arrive at the statute's meaning. *See Jordan v. Sears, Roebuck & Co.,* 651 A.2d 358, 360 (Me.1994). Unfortunately, neither the parties' nor our own examination of section 212(3)(F)'s legislative history revealed any information that adds to our understanding of the phrase "more than one" phalange used in section 213(3)(F). In the absence of evidence of legislative history, we return to the plain or ordinary meaning of the words employed by the statute to discern legislative intent. *See* 2A Norman J. Singer, Statutes and Statutory Construction § 48:01, at 414–15 (6th ed. 2000).

[¶ 10] We conclude that the plain language of section 213(3)(F) is more supportive of the employee's interpretation than the one adopted by the hearing officer.

As a matter of ordinary usage, unless there is a reason to limit the word "more" to measurements involving whole units, the phrase "more than one" means an amount that exceeds or surpasses one in any way, as opposed to an amount that exceeds or surpasses one in whole numbers. If it had been the Legislature's intent to require no less than two complete phalanges to constitute "more than one phalange," it would likely have required the loss of "two or more phalanges" or "no less than two phalanges" to constitute the loss of an entire finger or thumb.

[¶ 11] Because the ordinary meaning of the phrase "more than one" is any amount greater than one, we conclude that section 213(3)(F) should be interpreted to mean that if an employee loses all of the first phalange and any portion of the second phalange of a finger or thumb, he or she is entitled to specific loss benefits for the loss of the entire finger or thumb. Here, there is no dispute that the employee lost the first phalanges and a portion of the second phalanges of three fingers. He is entitled to specific loss benefits for the loss of his entire three fingers.

The entry is:

Decision of the hearing officer is vacated and remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.